### 11762

ANTLEY *ET AL.* v. ANTLEY *ET AL.*

(128 S E., 31)

1. DEEDS—INTENT OF GRANTOR ASCERTAINED AND EFFECTUATED; "INTENTION."—In construing deed, intent of grantor must be ascertained and effectuated if no rule of law is contravened, but "intention" is a term of art signifying meaning of the writing and not purpose of grantor apart from writing.

2. DEEDS—A DEED TO ONE AND HIS "HEIRS" GRANTS A FEE SIMPLE; DEED TO ONE AND HIS "BODILY HEIRS" CONVEYS A FEE CONDITIONAL. —A deed to one and his "heirs" grants a fee simple and deed to one and his "bodily heirs" conveys fee conditional.

3. ESTATES—RIGHTS OF GRANTEE OF CONDITIONAL FEE STATED.—Grantee of fee simple estate may use, convey, or devise at pleasure, while grantee of fee conditional takes only life estate, with reversion to grantor until birth of issue, and on birth of lawful issue may convey in fee simple but cannot devise, and, if estate be not alienated during life of grantee after birth of issue, it descends not to heirs generally but to bodily issue of grantee.

4. DEEDS—USE OF WORDS "BODILY ISSUE" CONCLUSIVELY EVINCE PURPOSE TO CONVEY FEE CONDITIONAL, AND SUPERADDED WORDS OF LIMITATION ARE REPUGNANT AND VOID.—Use of words "bodily issue" as in deed, with habendum to grantee for her natural life, and after her death to her bodily issue, conclusively evinces purpose to convey fee conditional and superadded words as "for life," "for natural life," or to some other person "after death" of grantee, are repugnant and void, as there may be no limitation on fee once granted.

5. DEEDS—WORDS "BODILY ISSUE" DIFFERS IN TECHNICAL IMPORT FROM TERM "CHILDREN."—Words "bodily issue," as used in deed to one for life and after her death to her bodily issue, differs in technical import from term "children."

6. Deeds—Proviso in Deed Held Repugnant to Prior Grant of Conditional Fee and of no Effect.—Where deed, by use of words "bodily issue," evidenced intent to convey fee conditional, subsequent proviso that, should grantee die without leaving bodily issue, then grant was to certain others, *held* repugnant to prior grant of conditional fee and of no effect.

Before Sease, J., Orangeburg, February, 1924. Affirmed.

Action by Alice Mack Antley and others against Eloise Antley, the First Carolinas Joint Stock Land Bank and others. From decree for plaintiffs, defendant, except second named, appeal.

The decree of the Circuit Judge was as follows:

This case comes on to be heard before me upon an agreed statement of facts, prepared and agreed to before a Special Master.

The purpose of the action is to construe a deed of conveyance hereinbefore made. The granting clause is in usual form, but not containing any terms of limitation. The habendum clause, which is to be considered, reads as follows: "To have and to hold all and singular the said premises before mentioned from and after the death of myself, the said John A. Mack and Susan Mack, my wife, into the said Alice A. Mack, for and during the term of her natural life, and after her death to the bodily issue of the said Alice A. Mack, who shall take per stirpes, and to the heirs and assigns of such bodily issue forever, provided, however, should said Alice A. Mack die leaving no bodily issue her surviving at the time of her death, then to such other of my children and the child or children of a deceased child or children as may be living at the time of the death of the said Alice A. Mack, the child or children of a deceased child to take the parent's share, and to their heirs and assigns forever."

The grantor, John A. Mack, was the father, and Susan A. Mack, the mother, of the grantee, Alice A. Mack, who was unmarried at the date of the deed. Since the date of

the deed the grantee, Alice A. Mack, has intermarried with one William Antley, and is designated in the case as Alice Mack Antley, a plaintiff.

The deed in terms reserves a life estate to the grantor, John A. Mack and his wife, Susan Mack, jointly, and to the survivor of them. The grantor, John A. Mack, and his wife, Susan, are long since dead, and hence their life estates have ended.

The defendants, other than the First Carolinas Joint Stock Land Bank, are the children of the grantee, Alice Mack Antley.

The plaintiff, Alice Mack Antley, has conveyed by her deed in fee simple the premises in question, which consists of a plantation of 184 acres, situate in Orangeburg County, to her co-plaintiffs, Carl S. Gibson and H. Arthur Gibson, Jr., who in turn have mortgaged the lands to the defendant, the First Carolinas Joint Stock Land Bank, which explains its connection with the case.

The question now presented for decisions, is whether the deed from John A. Mack to Alice Mack Antley conveyed to her a fee conditional estate, or an estate for life only with remainder, either vested or contingent, over to her children in fee simple.

The plaintiffs contend that the deed conveyed a fee conditional to Alice Mack Antley, who, having had issue born unto her since the execution and delivery of the deed, may now convey an estate in fee simple to her co-plaintiffs.

The defendants contend that the deed conveyed but a life estate to Alice Mack Antley with remainder, either vested or contingent, over to her children, who now take in fee simple.

This makes the issue now to be determined by this Court, and necessitates the application of the well-settled rules of construction to the ascertaintd facts.

One of the first canons of construction is that the intention of the grantor must be ascertained and effectuated if no settled rule of law is contravened.

But intention is a term of art, signifying the meaning of the writing. *Sandford v. Sandford,* 106 S. C., 306; 91 S. E., 294. Intention does not mean the purpose of the grantor apart from the writing. As has been said, the intention of the grantor must be found within the "four corners" of the deed.

2     A deed to one and his heirs grants a fee-simple estate. *Boyce v. Moseley,* 102 S. C., 361; 86 S. E., 771. A deed to one and his bodily heirs conveys a fee conditional estate to the grantee. *Crawford v. Masters,* 98 S. C., 460, 461; 82 S. E., 793. So it is seen that the insertion of the word "bodily" before the word "heirs" in a deed changes the estate granted from a fee simple into a fee conditional.

3     In the case of a fee-simple deed the grantee may use, convey, or devise at pleasure, with or without condition or limitation. On the other hand, the grantee of a fee conditional estate takes with the following rights and subject to the following limitations: (1) Until issue born after execution and delivery of the deed, the grantee takes only a life estate, with reversion to the grantor. 10 R. C. L., p. 654. (2) Upon birth of lawful issue, the reversion is barred, and the grantee may convey in fee simple. *Crawford v. Masters,* 98 S. C., 461; 82 S. E., 793. (3) But the grantee under a fee conditional deed cannot devise the land. *Postell v. Jones,* Harp., 92. *Wright v. Heron,* 5 Rich. Eq., 441. *Crawford v. Masters,* 98 S. C., 461; 82 S. E., 793. (4) If the fee conditional estate is not alienated during the life time of the grantee, after birth of issue, then the estate descends, not to the heirs general, but to the bodily issue of the grantee in accordance with the statute of distribution, subject, however, to the debts of the grantee. 10 R. C. L., p. 654.

The deed in the case instantly under discussion does not contain the words "bodily heirs," but the words "bodily issue." The term "bodily issue" is a phrase of limitation,

and not words of purchase as "children of her body." *Strother v. Folk,* 123 S. E., 127, 115 S. E., 606. *Williams v. Gause,* 83 S. C., 265; 65 S. E., 241. In other words, the term "bodily issue" creates a fee conditional estate in the same manner as the words "bodily heirs." *Strother v. Folk, supra. Williams v. Gause, supra. Barksdale v. Gamage,* 3 Rich. Eq., 271.

Another canon of construction is that each and every word contained in the deed must be given force and effect according to its usual and ordinary meaning, unless some settled rule should be affected.

In the deed under examination, the grantee is given a life estate, firstly, which is not inconsistent with a grant of a fee conditional to her, because she was then unmarried, and until birth of issue she would have only a life estate. Upon marriage and birth of issue she would have discharged the condition burdening the fee, whereupon she could alien, but not devise; however, not alienating in her life time, the property would descend, not to her heirs general, but to the class answering the description of her "bodily issue" at her death in conformity with the terms of the deed. This construction gives due and proper force to each and every word in the habendum clause, except the proviso.

In substance, this proviso attempts to mount a condition upon a fee conditional already granted, which can no more be done than if the deed conveyed a fee-simple estate.

The use of the words "heirs" or "bodily issue" in a deed evinces conclusively the purpose and intention of the grantor to convey an estate in fee, either in fee simple or fee conditional as the language warrants; and hence any superadded words, such as "for life," "for natural life," to some other person "after death" of the grantee, etc., are repugnant and void, as there may be no limitation upon the fee once granted. *Strother v. Folk,* 123 S. C., 127; 115 S. E., 606.

*Branyan v. Tribble,* 109 S. C., 58; 95 S. E., 137. *Sandford v. Sandford,* 106 S. C., 304; 91 S. E., 294. *Williams v. Gause,* 83 S. C., 266; 65 S. E., 241. *Poston v. Company,* 76 S. C., 36–39; 56 S. E., 546. *Clark v. Neves,* 76 S. C., 484–488; 57 S. E., 614; 12 L. R. A. (N. S.), 298. *Danner v. Trescott,* 5 Rich. Eq., 356–358.

It will be noted that the grant is to Alice Mack Antley and her "bodily issue," not her "children", and there is nothing whatsoever in the context to warrant changing the words "bodily issue" to "children". The words "bodily issue" differ in technical import from the term "children". *Williams v. Gause,* 83 S. C., 267; 65 S. E., 241. *Holman v. Wesner,* 67 S. C., 307–309; 45 S. E., 206. *McIntyre v. McIntyre,* 16 S. C., 290. *Williams v. Kibler,* 10 S. C., 414, 426.

The proviso appearing at the end of the habendum clause reading, * * * provided, however, that should said Alice A. Mack die leaving no bodily issue her surviving at the time of her death, then to such other of my children and the child or children of a deceased child or children as may be living at the time of the death of the said Alice A. Mack, the child or children of a deceased child to take the parent's share, and to their heirs and assigns forever," cannot affect the fee conditional estate granted by the deed. Once the fee, whether fee simple or fee conditional, is granted subsequent or superadded words cannot cut down the estate. *Branyan v. Tribble,* 109 S. C., 62; 95 S. E., 137. *Sandford v. Sandford,* 106 S. C., 304; 91 S. E., 294.

Again, the contingency attempted to be provided against in the proviso contained in the deed has not happened and can never happen, because, admittedly, Alice A. Mack, now Antley, has discharged the condition burdening her fee conditional estate by having had born unto her lawful bodily issue, and having in her life time conveyed away the fee vested in her, it is now immaterial whether she

have surviving bodily issue at her death or not; hence the question in this respect becomes purely academic. *Avinger v. Avinger,* 116 S. C., 127; 107 S. E., 26.

And again, "a limitation may be grafted upon a fee conditional by way of executory devise, if not too remote"; but such limitation may not be grafted, it appears, upon a fee conditional estate passing by deed. *Selman v. Robertson,* 46 S. C., 267; 24 S. E., 187. *Williams v. Gause,* 83 S. C., 267; 65 S. E., 241.

The defendants rely mainly upon the case of *Bank v. Dominick,* 116 S. C., 233; 107 S. E., 914, to support their contention that Alice Mack Antley only took a life estate under the deed in question with remainder over. In the *Dominick Case* it was apparent that the deed was not prepared by a lawyer, and, in order to carry out the intention of the grantor, the Court construed the deed as a covenant to stand seized to the uses— a trust deed wherein words of inheritance are unnecessary. *Bank v. Dominick,* 116 S. C., 233, 234; 107 S. E., 914. *Watson v. Watson,* 24 S. C., 228; 58 Am. Rep., 247.

The latest utterance of our Supreme Court upon this question is found in the case of *Strother v. Folk,* reported in 123 S. C., 127; 115 S. E., 605.

The case is almost "on all fours" with the *Strother Case,* wherein the Court sitting *en banc* reaffirmed the rule stated in *Barksdale v. Gamage,* 3 Rich. Eq., 271, and followed in an unbroken line of cases since, to the effect that a deed or will to one and the heirs of his body, or his bodily heirs, or his bodily issue, served to convey a fee conditional estate, notwithstanding the grant was, firstly, to such an one for his natural life; in other words, that a grant to one for life and then to his bodily issue conveyed a fee conditional, and not merely a life estate with remainder over. This has become a venerable rule of real property under which valuable estates have vested and upon which such estates now rest, and is binding upon all, especially since the *Strother Case.*

The deed in the instant case employs language which, under the settled rules of law in this State, conveys a fee conditional estate. This being so, and it being admitted that the grantee, Alice Mack Antley, has discharged the condition upon which her estate depended by birth of lawful issue, it must be held that her conveyance to her two codefendants, Carl S. Gibson and H. Arthur Gibson, Jr., conveys to them a fee-simple estate in the premises; and it further follows that their mortgage to the First Carolinas Joint Stock Land Bank is valid.

The children of the said Alice Mack Antley have no interest whatsoever in the premises, since she has discharged the condition burdening her fee conditional estate by birth of lawful issue, and conveyed the premises to others in fee simple, and it is now so ordered, adjudged and decreed.

*Messrs. Adam H. Moss* and *P. F. Haigler* and *Nimocks & Nimocks,* for appellants, cite: *No granting clause in deed:* 39 S. C., 271; Rule in Shelley's Case; 36 S. C., 354, 356; 67 S. C., 130. *Rule not applicable:* 1 Strob. Eq., 346; 3 Rich. Eq., 550; 116 S. C., 229; 16 S. C., 290; 16 S. C., 303; 83 S. C., 265. *Intention of grantor given effect:* 102 S. C., 227.

*Messrs. Wolfe & Berry* and *J. LeRoy Dukes,* for respondents, cite: *Intention a term of art:* 106 S. C., 306. *Words conveying fee simple:* 102 S. C., 361. *Words conveying fee conditional:* 98 S. C., 460; 115 S. E., 605. *Rights under fee conditional:* 10 R. C. L., 654; 98 S. C., 461; 16 S. C. L. (Harp. L.), 92; 26 S. C. Eq. (5 Rich. Eq.), 441; 98 S. C., 461. *"Bodily issue" and "children" distinguished:* 115 S. E., 606; 83 S. C., 265; 3 Rich. Eq., 271; 67 S. C., 307; 16 S. C., 290; 10 S. C., 414. *Limitation after fee void:* 115 S. E., 606; 109 S. C., 58; 106 S. C., 304; 93 S. C., 266; 76 S. C., 36; 76 S. C., 484; 5 Rich Eq., 356; 46 S. C., 267. *Condition burdening fee discharged:* 116 S. C., 127. *Cases distinguished:* 116 S. C., 233; 24 S. C., 228.

May 7, 1925.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the very satisfactory reasons assigned by his Honor, the Circuit Judge, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.

MR. JUSTICE COTHRAN did not participate.