13580

STROMAN *ET AL.* v. SOUTH CAROLINA POWER CO. *ET AL.*

(167 S. E., 844)

*Messrs. Hagood, Rivers & Young* and *Lide & Felder,* for appellants,

*Messrs. A. H. Moss, W. C. Wolfe* and *P. F. Haigler,* for respondents,

February 13, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages arising out of an alleged breach of contract. It appears that on June 21, 1926, the Springfield Light & Power Company conveyed to one W. D. Black certain described real estate, including a mill pond, buildings, and machinery. The deed, *inter alia*, contained the following, which preceded the habendum clause: "The grantee agrees to sell the said mill pond and adjacent real estate, herein and hereby conveyed, including buildings thereon and machinery contained in said building to C. B. and G. E. Stroman, within a reasonable time when and if same is discontinued or ceases to be used for the purpose of generating electric current, the price to be four thousand ($4,000.00) dollars."

On July 1, 1926, Black conveyed this property to the Edisto Public Service Company; his deed also containing the above quoted clause. It is agreed that, by arrangement between the two defendant corporations, the South Carolina Power Company is now the owner of the property in question.

The plaintiffs alleged that the defendants took possession of the property but afterwards ceased to use it for the purpose of generating electric current; that they thereupon, within a reasonable time, demanded of the defendants compliance with the quoted provision, but this demand was refused. The defendants, answering, denied that they had abandoned the property or ceased to use it for the purpose named. The trial of the case in the Court of Common Pleas for Orangeburg County resulted in a verdict for the plaintiffs for $4,500.00. The defendants have appealed only from

the refusal of the trial Judge to grant their motions for a nonsuit and a directed verdict.

The first imputed error is that the complaint and the testimony submitted thereunder seek recovery under a clause repugnant and void, for the reason that it attempts to limit a fee-simple estate conveyed by the deed in which it occurs. We are not inclined to appellants' view that the quoted clause is a limitation upon the fee-simple estate admittedly created by the deed. Our construction of this provision is that it is an agreement, whether option or other, between the parties to the deed, that the grantee would sell the property to the persons named in such provision for the price therein fixed upon the happening of a certain event therein named; an agreement for the benefit of the Stromans and enforceable by them, which the parties elected to insert in the deed in lieu of executing a separate instrument for that purpose, and to the performance of which the grantee was as effectually bound by acceptance of the deed as if such agreement had been entered into in a separate instrument.

The appellants also contend that it was error not to grant the motions on this ground: "That the clause in the deed under which recovery is sought is nothing more than an option, unenforceable and void under the law because of indefiniteness." Their position is that no time was fixed for the exercise of the "option," if one existed, and hence there was never any contract between the parties. We are not in accord with this view; we think that the time for the performance of the agreement was fixed with reasonable certainty in the clause in question. The grantees, appellants here, agreed to sell the property purchased by them to the Stromans when they ceased to use it for generating electricity; a contingency the happening of which could be readily ascertained. Upon the happening of this event, the plaintiffs would have the right to exercise the "option" to purchase the property from the appellants for the consideration named. Whether the event had occurred

at the time the plaintiffs demanded performance of the agreement, being a matter in dispute, became a question of fact for the jury.

It is further urged that the Court committed error in refusing to direct a verdict upon the ground "that there was no evidence of any legal tender of the purchase price or of a sufficient or legal acceptance of the offer which created or made a contract between the parties." Respondents concede that there was no actual tender to the defendants of the price to be paid by them, but contend that there was evidence of waiver by the defendants of such tender, which required the submission of that question to the jury. The record shows that the plaintiffs wrote the defendants two letters, about six months after it is alleged the property was abandoned and was no longer operated for the purpose of generating electricity, demanding that it be sold to them under the terms of the deed. The defendants answered these letters, stating that they would not sell, as they had not abandoned the property and were holding it for the purpose named. Under this evidence, the question whether the defendants waived tender was one for the jury.

While we have not specifically discussed exception (b), what we have said disposes also of the question raised by it. Upon consideration of the entire record, we are of opinion that the Court properly overruled the motions for a nonsuit and a directed verdict.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.

## ON PETITION FOR REHEARING

MR. JUSTICE STABLER: The appellants, defendants below, have presented a petition in this case asking (1) for a rehearing, and (2) failing in that, for revision of the Court's opinion heretofore filed.

It appears that counsel for plaintiffs, desiring to have the charge of the trial Court incorporated in the record for appeal, proposed an amendment to that effect. The defendants objected, and the matter was submitted to the trial Judge, who made an order allowing the amendment. This order was printed in the transcript of record, along with a statement that the defendants had served on the plaintiffs notice of appeal from such order; the grounds stated being that the printing of the charge was entirely unnecessary for a determination by this Court of any question involved in the appeal. While the arrangement of this appeal in the transcript of record is not exactly what it should be, we think what appears there is sufficient as an exception to the order.

No reference was made in appellants' brief to this appeal, and at the time the opinion was prepared, the Court did not recall that it had been mentioned by counsel in oral argument. We, therefore, properly concluded that the appeal had been abandoned. However, since the filing of the petition, the Court recalls, with certainty, that the appeal was mentioned in the oral argument; counsel for defendants directing the Court's attention to it and requesting that it be passed upon. We think it proper, however, to say here that it is always wise for counsel to direct attention in their printed brief to all matters which are deemed to be of sufficient importance to be passed upon by the Court. In view of the many appeals heard, it is not always possible to remember a reference made to a question in oral argument.

In the circumstances, a rehearing is unnecessary, as we may now properly dispose of the matter. The charge of the trial Judge in this case was a most excellent one, fair and full, and a correct declaration of the principles of law applicable to the issues made. The printing of it in the record, however, was wholly unnecessary to the decision of any question presented by the appeal. There was no exception taken to it; the exceptions relating only to al-

leged error in the Judge's refusal to grant a nonsuit and a directed verdict. This appeal, therefore, is sustained, and it is hereby ordered that the respondents be required to pay for the printing of the charge.

The opinion heretofore filed, together with this order, will stand as the judgment of the Court.

The order staying the remittitur is revoked.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.