Elsie WILLIAMS et al., Plaintiffs in Error,

v.

Julia McCANN et al., Defendants in Error.

No. 40077.

Supreme Court of Oklahoma.

Sept. 24, 1963.

Bailey & Whitlock, Sam F. Whitlock, Norman, for plaintiffs in error.

Alpheus Varner, Poteau, for LeFlore County Gas & Elec. Co.

Claud Briggs, Oklahoma City, for L. H. Charney and Susanne Charney.

Fisher Ames, Oklahoma City, for Midwest Oil Corp., Pan American Petroleum Corp., Sabine Royalty Corp.; Varner & Miller, Poteau, Ames, Daugherty, Bynum, Black & Rogers, Oklahoma City, of counsel, for defendants in error.

Crowe, Boxley, Dunlevy, Thwoatt, Swinford & Johnson, Don Emery, Gordon Watts, Oklahoma City, William M. Taylor, J. C. Farmer, John B. Durfee, Carl Livingston, John Rogers, Tulsa, amici curiae.

HALLEY, Vice Chief Justice.

Parties will be referred to as they appeared in the trial court or by name.

Elsie and Harold Williams filed suit to quiet title to sixty acres of land in Latimer County, Oklahoma, described as the S½ of the SE¼ of the NE¼ and S½ of N½ of the SE¼ of the NE¼ and S½ of the N½ of the SW¼ of the NE½ and S½ of the SW¼ of the NE¼ of Section 15, Township 6 North, Range 22 East. They base their claim to ownership of this land upon a deed dated the 31st of July, 1923, but not filed for record in the office of the County Clerk of Latimer County until the 25th day of August, 1930. The grantors in this deed were J. A. and Edna Patton, husband and wife.

The plaintiffs named numerous defendants but the lawsuit resolves itself down to the question of whether a deed to the same land issued by the same grantors to H. Charney or the deed to S. E. Williams should prevail.

The Charney deed was dated February 13, 1926, and was filed for record on March 27, 1926.

There was no evidence in the record that H. Charney had any notice either actual or constructive of the deed from the Pattons to Williams. In McAllister v. Clark, 91 Okl. 205, 217 P. 178, we held that where two deeds had been issued covering the same tract of land to different grantees and that the first grantee had not placed his deed of record and the second grantee had searched the record and found no record of the filing of the first deed and thereupon filed his deed, the law will declare the party holding the first deed filed for record to be the owner of the land. This case has been followed in Bates v. Rogers, 178 Okl. 164, 62 P.2d 481 and Elsey v. Shaw, 199 Okl. 698, 190 P.2d 439. See also Colby v. Hayes, 186 Okl. 283, 97 P.2d 65.

The plaintiffs concede that H. Charney obtained title to the surface of the land in question because of the priority of the filing of his deed but they challenge the right of his heirs and assigns to the minerals under the land in question because of words in the habendum clause of the Charney deed which were as follows:

"TO HAVE AND TO HOLD said described premises unto the said party of the second part, his heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature: Except the Mineral or Oil Rights to said lands."

In the Journal Entry of Judgment of the trial court this language is found:

" * * * and the attorneys of record for the plaintiffs and said defendants and cross-petitioners having stated and agreed in open Court that while said defendants have raised other defenses which will have to be considered if such motions are overruled, the plaintiffs' case must stand or fall upon the interpretation of the language 'except the mineral or oil rights to said lands' in the habendum clause of the Warranty Deed from J. A. Patton, et ux., to H. Charney, the same being 'EXHIBIT A' to the answer and cross-petition of said defendants, and that if said language should be interpreted as an exception to the warranty and not as a reservation of the oil and mineral rights, then the plaintiffs have no cause of action, and the Court, being fully advised in the premises, specifically finds that the language 'except the mineral or oil rights to said lands' contained in that certain Warranty Deed dated February 13, 1926, from J. A. Patton and Edna Patton, husband and wife, to H. Charney conveying the following described real estate:

\*    \*    \*    \*    \*    \*

"recorded March 27, 1926, in Book 22 at Page 42 of the records in the office of the County Clerk of Latimer County, Oklahoma, (which said Warranty Deed is attached as 'EXHIBIT A' to and incorporated in the answer and cross-petition of said defendants), constitutes an exception to the warranty and does not constitute a reservation of the oil or mineral rights or of any other rights and that the full fee simple title passed to the grantee by virtue of said Warranty Deed."

■■ We think the trial court was correct in the conclusion it reached. There is nothing in the words "Except the Minerals or Oil Rights in said lands" that showed that the Pattons intended to retain the minerals in said land either for themselves or any one else. There certainly were not any "apt words of reservation." We adhere to the rule that exceptions in the habendum clause of a warranty deed cannot be held as a reservation of any part of the title conveyed by the granting clause but must be construed only as excepting them from the covenant of warranty. This was our holding in Echolustee Oil Co. v. Johnston, 153 Okl. 92, 3 P.2d 227, and this rule has been followed in numerous cases among which are Fry v. Hurst, Okl., 293 P.2d 552; Rose v. Cook, 207 Okl. 582, 250 P.2d 848; Bascom v. Maxey, 195 Okl. 259, 157 P.2d 158; Jarrett v. Moore et al., 159 Okl. 93, 14 P.2d 390.

It is unnecessary to discuss the findings of fact in this case as the trial court properly sustained the motion for judgment on the pleadings for the reasons above set out. We will say, however, that we have checked the findings of fact in this case and there is nothing contained therein to indicate that the Pattons intended to reserve to themselves any of the oil and minerals in and under the land in question.

■ The question may be asked just what did H. Charney get by the deed to him. He got the fee simple title to the surface and the fee simple title to the

minerals but he did not have a warranty of title to the minerals. As to the minerals he received what amounted to a quitclaim deed. Fry v. Hurst, supra and Rose v. Cook, supra.

He was a bona fide purchaser of both the surface and minerals. We have held that a purchaser under a quitclaim deed is a bona fide one. Tucker v. Leonard, 76 Okl. 16, 183 P. 907; Garrett v. Reinhart, 169 Okl. 249, 36 P.2d 884. Since there is nothing to show that H. Charney knew anything about the Williams' deed his title was ahead of everyone and his right and that of his heirs to dispose of the property was paramount to all others.

The rule is well established in this jurisdiction that in the transfer of real estate in the absence of actual or constructive notice of a previous conveyance or of matters which would put a purchaser on inquiry, a bona fide purchaser for value will take good title to the property. This has been held by us both as to deeds and oil and gas leases. Barker v. British American Oil Prod. Co., 208 Okl. 426, 256 P.2d 807; Ursaner v. Bank of Denver, Okl., 354 P.2d 448; Metzger v. Mueller et al., 205 Okl. 490, 238 P.2d 802; Luschen v. Stanton, 192 Okl. 454, 137 P.2d 567; Davis v. Lewis, 187 Okl. 91, 100 P.2d 994; Gungoll v. Elsberry, 177 Okl. 301, 58 P.2d 852. There was unreleased oil and gas lease on the land in question at the time H. Charney got his deed.

Although we do not appear to have had before us the exact proposition of the rights of a fee simple holder we think that his dominion is such that he "may use, convey or devise at pleasure, with or without condition or limitation." See Antley v. Antley, 132 S.C. 306, 128 S.E. 31. Also Gladstone Mountain Mining Co. v. Tweedell, 132 Wash. 441, 232 P. 306; U. S. v. Hyde, D.C.Cal., 132 F. 545, affirmed, 199 U.S. 62, 25 S.Ct. 760, 50 L.Ed. 90; 31 C.J.S. Estates § 8. So we say in another way that the right of alienation is an inherent and inseparable quality of the fee simple estate.

L. H. Charney, the son of H. Charney, took whatever title his father and mother had in this property and as a matter of right could pass such title as they possessed in the land.

The judgment is affirmed.

BLACKBIRD, C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

JOHNSON, J., dissents.