The BOARD OF COUNTY COMMISSION-
ERS OF CHOCTAW COUNTY, Okla-
homa, Plaintiff in Error,

v.

Dave WEAVER et ux., Defendants in Error.

No. 40958.

Supreme Court of Oklahoma.

April 11, 1967.

Ralph K. Jenner, County Attorney, Hugo, for plaintiff in error.

Lon Kile, Hugo, for defendants in error.

PER CURIAM:

On April 2, 1963, the defendants, in error, hereinafter called the plaintiffs, commenced an action in the District Court of Choctaw County, Oklahoma, against the plaintiff in error, hereinafter called the county, or the defendant, and numerous other defendants who are not parties to this appeal. Plaintiffs sought to quiet their title to, and possession of, eleven "tracts" of land in that county, including:

"Tract Four: The SW¼ of the SW¼ of the SW¼ and the NE¼ of the SW¼ of the SW¼ and the N½ of the SE¼ of the SW¼ and the SW¼ of the SE¼ of the SW¼ of Section 23, Township 5 South, Range 14 East of the IBM, less the oil, petroleum, gas, coal, asphalt and other minerals therein."
and

"Tract Five: The S½ of the NE¼ of the SE¼ and the NW¼ of the SE¼ of the SE¼ of Section 23, Township 5 South, Range 14 East of the IBM, and the SW¼ of the SW¼ of the SW¼ of Section 24, Township 5 South, Range 14 East of the IBM."

Their petition contained the usual allegations, in general terms, to the effect that they were then the owners, in peaceable possession of, all the lands described; that they and their predecessors in title had acquired a prescriptive title thereto; and that the defendants claimed some right, title, interest or estate in or to said lands, adverse to the plaintiffs, constituting clouds

on plaintiffs' title, but that none of the defendants had any right, title, interest or estate in or to any of said lands.

The plaintiffs specifically alleged that this defendant was claiming an undivided one-fourth interest in the oil, gas and other minerals in and under the land identified as "Tract Five," and twenty-five feet on each side of the section lines adjacent to lands in "Tract Five," for road purposes, which the county claims to have acquired by a certain tax resale deed and to have reserved to the county in a certain county deed to one I. T. Bell, dated November 5, 1956, which was filed for record in the office of the County Clerk of Choctaw County on November 14, 1956, and is recorded at page 433 in Book 228 therein; that, for certain reasons (which were the same as set forth by this court in its opinion in Board of County Commissioners of Choctaw County et al. v. Schuessler, Okl., 358 P.2d 830), the purported reservations so contained in said county deed to I. T. Bell were void, and the full legal and equitable title to "Tract Five" vested in said I. T. Bell, who, joined by his wife, conveyed said property to the plaintiffs; and that, therefore, this defendant has no right, title, interest or estate in or to "Tract Five."

The county's answer consisted entirely of a general denial of the facts alleged in the petition, with a specific claim that the county was the owner of a one-fourth interest in and to all the mineral rights in and to "Tract Four" and "Tract Five," and a specific denial that the plaintiffs ever were the owners of one-fourth of the mineral rights in and to those lands. There was no cross-petition by the county.

At the close of the trial, the court rendered judgment for the plaintiffs against all of the defendants, and in its journal entry made findings, both general and specific, in accordance with the allegations of the plaintiffs' petition. Such findings included a specific finding that the county's purported reservation of twenty-five feet on each side of the section lines and of one-fourth of the mineral rights, contained in the county deed of November 14, 1956, to I. T. Bell covering "Tract Five," was void. The county's motion for a new trial was overruled, and the county perfected an appeal to this court.

The minerals and mineral rights with respect to "Tract Four," as described in the plaintiffs' petition and hereinabove, were not involved in the trial court. The plaintiffs' description of that tract specifically excludes the minerals and mineral rights. There was no controversy concerning those minerals and mineral rights, and the trial court did not purport to quiet the title thereto in any of the parties. Those minerals and mineral rights are not involved in this appeal.

In its brief the county contends and argues, as we understand it, that this court's holding in Board of County Commissioners of Choctaw County et al v. Schuessler, supra, that a county is not authorized by statute to reserve from a conveyance of land acquired by the county at tax resale a strip of land for road purposes or an interest in the minerals and mineral rights with respect to such land, and such a reservation in such a deed is void, should be overruled, and, even if such holding not be overruled, these plaintiffs cannot prevail in this case because (a) the plaintiff in a quiet title action must rely upon the strength of his own title and cannot rely upon any weakness in the title claimed by his adversary, and in this case the deed to these plaintiffs covering both tracts in question expressly excepted outstanding mineral interests, and (b) the plaintiff's action is barred by limitations of action set forth in 12 O.S.1961, § 93, part. (3).

■ Neither the deed to the plaintiffs covering "Tract Four" nor the deed to the plaintiffs covering "Tract Five" mentions right-of-way for road purposes or prior reservations of land for road purposes. So, even if this defendant had mentioned in its answer the twenty-five-foot strips of land reserved for road purposes in the county deeds covering "Tract Four" and "Tract Five," its contention that the plaintiffs

cannot prevail in this case cannot be sustained insofar as any such twenty-five-foot strips of land are concerned.

By deed dated May 22, 1962, I. T. Bell and his wife, Lottie E. Bell, as parties of of the first part, granted, bargained, sold and conveyed unto Dave Weaver and his wife, Grace Weaver, as parties of the second part, numerous tracts of land in Choctaw County, Oklahoma, including the lands identified herein as Tracts Four and Five, together with all the improvements thereon and the appurtenances thereunto belonging, and warranted the title to the same. The habendum clause in said deed is as follows:

"TO HAVE AND TO HOLD said described premises unto the said parties of the second part, their heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature, except all outstanding interest in the oil, gas and other minerals in the above described land which might have been reserved or conveyed by prior grantors, and a mortgage in favor of the Mutual Life Insurance Company of New York, the indebtedness secured thereby being assumed by the grantees as a part of the consideration hereof."

The granting clause in said deed contained no exceptions or reservations of any kind.

■■ Exceptions in the habendum clause of a warranty deed cannot be held as a reservation of any part of the title conveyed by the granting clause but must be construed only as excepting them from the covenant of warranty. Williams et al. v. McCann et al., Okl., 385 P.2d 788. Consequently, the county's contention that outstanding mineral interests were excepted from the conveyance of the lands in question to these plaintiffs cannot be sustained.

The county contends, inter alia, that the plaintiffs cannot prevail in this action because the same was not commenced within the limitation period prescribed by 12 O.S. 1961, § 93, Par. (3). The cited statute provides in part:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter:

* * * * * *

"(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed, * * * "

■■ We are of the opinion that there is nothing in the cited statute to indicate a legislative intent that the term "tax deed" used therein should include a deed (such as here) by which the county conveys real property theretofore acquired by it at a tax resale. This action does not involve the tax resale deed by which the county acquired the property. This action involves the validity of the exceptions and reservations contained in the subsequent deed from the county to an individual. The proceeds of the latter sale are not distributed to the various taxing units which had an interest in the ad valorem taxes for the non-payment of which the property was sold. The latter sale is therefore not a tax sale, and objections to the validity of a deed executed pursuant to such sale are not barred by the provisions of the cited statute.

In the first paragraph of the syllabus to the case of Board of County Commissioners of Choctaw County et al. v. Schuessler et al., supra, this court held:

"When a county purchases property at an ad valorem tax resale, it does not take and hold the property in its proprietary capacity but in trust for the benefit of the political sub-divisions of the State which are entitled to share in ad valorem taxes levied against the property. A subsequent sale of the property by the county is but a part of the statutory tax-collecting process provided for the enforcement of tax liens, the collection of delinquent taxes and the ap-

portionment thereof to interested political sub-divisions."

This court then held in the second paragraph of its syllabus that, under the facts in that case, the Board of County Commissioners was without power or authority to reserve, in a deed evidencing the sale of property theretofore acquired by the county at tax resale, the property rights that it attempted to reserve in that case (a 25-foot strip of land on each side of the section lines for highway purposes, and an undivided one-fourth interest in the minerals underlying the land described in the deed).

In the present case, in addition to the arguments presented and disposed of in the Schuessler case concerning such a reservation, the county argues that by selling the land except a substantial interest in the minerals the county not only gets the property back on the tax rolls but later can sell a lease covering such reserved mineral interest and/or sell such reserved mineral interest for a good price, thus producing more money to be allocated to the interested subdivisions, and more fully accomplishing the purposes set forth in the first paragraph of the syllabus to the Schuessler case. Upon this basis, the county contends that we should overrule that portion of the opinion in the Schuessler case which is covered by the second paragraph of the syllabus.

Just as a practical matter, this argument is not valid. We would have to assume that if the land had any value, or potential value, for mineral purposes, a bidder for the land, knowing that the county was reserving an interest in the minerals, would bid less for the land than he would without such a reservation of minerals. And, we could not assume that a subsequent sale of a lease covering the reserved interest and/or sale of such reserved interest would make the total proceeds more than, or even as much as, would have been received if the property had been sold, in the first instance, without reserving any interest in the property.

 68 O.S.1961, § 432l provides that the proceeds of sale of "property" acquired by the county at resale shall be credited to and accounted for in a special cash fund to be styled the Resale Property Fund, except the proceeds of sale of "such property" located in any special improvement district and by the resale of which "property" any special improvement taxes were cancelled, in which event the proceeds of sale thereof after having been acquired by the county, shall be divided ratably between the Resale Property Fund and the Special Improvement Tax Account (Paving, etc.) of the special improvement district in which such "property" is located, in the same ratio as the ad valorem tax bears to the special improvement taxes in the total amount of such taxes published as due at the time of the resale whereby the county acquired title to such "property." It is quite clear that the "property" referred to throughout that statute is exactly the same property that was acquired by the county at resale. When the statutes concerning tax resales are considered, it is equally clear that any tract sold at resale, whether to the county or to an individual bidder, must be exactly the same tract described on the tax rolls showing the delinquent taxes and/or special improvement taxes which are the basis of the resale of such tract. If it were otherwise, it would be wholly impossible to allocate the proceeds of tax resales or of sales of property acquired by a county at resale.

 Although more than one tract of land previously acquired by a county at tax resale may be sold at one time, and be included in a single deed if sold to the same bidder, any attempt by the county or county officials, insofar as any particular tract is concerned, to reserve or to except any interest whatsoever in such tract as described in the resale deed evidencing the sale of such tract to the county at tax resale would be contrary to the applicable statute and, therefore, void.

Judgment affirmed.

The Court acknowledges the services of Mr. Harry M. Crowe, Jr., who with the aid and counsel of Mr. R. L. Davidson, Jr. and Mr. G. Douglas Fox, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Lavender, J., for review and study, after which, and upon consideration by the Court, the foregoing opinion was adopted.

DAVISON, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS, J., concur in result.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD, J., dissent.