0167

Ansel Paul WISE, Chalmers L. Wise, Aline Wise Turner, Beila Wise Taylor, William Lamar Wise, James Clifford Wise, Myrtis Wise Leach, Harry Willis Wise, Annie Wise Gaster, Hazel Wise Ronan and Zula Wise McAllister, Appellants v. Jean Turner POSTON, Carolyn Turner O'Leary, Irene Taylor Todd, Donnie Eugene Taylor, Henry Allen Taylor, Joann Taylor Brazell, Weldon Marvin Taylor, Arnie Wade Harrell, Jerry LeRoice Wise, Glenn Patrick Wise, Durrand Kent Wise, William Lamar Wise, Jr., Paula Wise Coker, Patricia Wise Hart, Randy Shay Wise, Linda Wise Estland, Sandra Wise Knight, James Michael Wise, Joyce Leach Kirven, James Emerson Leach, Jr., Bonnie Leach Stuber, Lida Turner Sims, Deborah Ann Wise Elliott, Karen Elizabeth Wise, Melva Rena Gaster, Ponnie Michelle Gaster, Robert Fisher Ronan, Sheri Leshondia McAllister; and Lisa Lynne Wise, Marie Claire Ronan, minors fourteen years of age or older; and Timothy Jerome Wise, Shandi Shae McAllister, Franklin Skee McAllister, minors under the age of fourteen years; and Richard Roe and Mary Doe as fictitious persons representing all unborn or unknown grandchildren of H. C. Wise, the heirs-at-law and dis-tributees of Lida Turner Sims, if she be deceased, whether they be under disability or members of the Armed Forces or not, also all other persons unknown, claiming any right, title, estate, interest in or lien upon real estate described in the Complaint herein, Respondents.

(316 S. E. (2d) 412)

Court of Appeals

*T. Furman Brodie,* of *McGowan, Nettles, Keller & Eaton,* Florence, *for appellants.*

*A. E. Morehead, III,* Florence, *for respondents.*

Heard March 20, 1984.

Decided April 30, 1984.

SHAW, Judge:

This is an appeal from a declaratory judgment action instituted by the appellants — the children of the deceased,

H. C. Wise. Wise's children petitioned the court to construe a portion of their father's will. The Circuit Judge ruled the language in question created a life estate in Wise's children, remainder in fee simple to his grandchildren surviving at the death of the last surviving child as tenants-in-common, and the restriction on alienation of the children's life estate was reasonable and not in violation of state public policy. We affirm.

H. C. Wise died testate on June 22, 1962, leaving a will bearing the date of October 6, 1949. This will was duly admitted to the probate court of Florence County. The relevant portion of the will provides as follows:

From and after the death of my said wife, I hereby will, devise and bequeath my real estate unto my eleven (11) children, share and share alike, the child or children of a predeceased child or children to take the portion or interest their parent would have been entitled to if living, subject, however, to the restriction and limitation that none of my devisees taking immediately after my death, whether child or grandchild, shall have the right or be permitted to sell, mortgage or convey his, her or their interest during the lifetime of any of my children except to each other; and that after the death of the last of my children, the said property shall be owned by my grandchildren the living, to them, their heirs and assigns forever. It is also my desire, and I so will and devise, that the farm lands bought by me from Joseph E. Eaddy shall go to and be the property of my two sons, William and Ansel Wise, as their full distributive share of my real estate, to be owned by them subject to the same restrictions and limitations set out above, the said two sons to assume and pay off any mortgage indebtedness that might be on said land. It is my intention that if any of my devisees, whether children or grandchildren, taking immediately after my death, shall convey, mortgage or sell his, her or their interest in my said real estate other than to one or more of my other devisees, then said conveyance, mortgage or sale shall be construed to be only for the lifetime of my last surviving child; but should any of my devisees convey, sell or mortgage to any other of my devisees, during the lifetime of any of my children, then such

conveyance, mortgage or sale shall then convey the fee, subject to the same restriction and limitation that the fee cannot be alienated, sold, conveyed or mortgaged to any person or persons other than my devisees named here-inabove during the lifetime of any of my said children.

Wise's children seek a declaratory judgment under Section 15-53-10, Code of Laws of South Carolina, 1976, that the will conveyed a fee simple to them or that the restraint on aliena-tion was illegal or that the will was contradictory and unclear and therefore void resulting in the real property passing through intestate succession. The defendants, now re-spondents, in this action are the grandchildren and great-grandchildren of H. C. Wise. A guardian ad litem was ap-pointed to represent the interests of all unknown heirs and any other persons claiming an interest in the real estate. Only the guardian and Carolyn Turner O'Leary filed an Answer to the Petition, but all respondents were properly served and subject to the circuit court's jurisdiction.

An action to construe the meaning, intent and effect of a will is properly brought under the Declaratory Judg-ments Act. Section 15-53-10; *Henry v. Cottingham*, 253 S. C. 286, 170 S. E. (2d) 387 (1969). The cardinal rule in the construction of any will is to determine the intent of the testator as gleaned from the written instrument itself; tech-nical rules or interpretation are subservient to that principle. *Echols v. Graham*, 256 S. C. 202, 182 S. E. (2d) 69 (1971). The court should read the testator's language as to effectuate his intention, unless that intention contravenes some well settled rule of law or public policy. *Miller v. Rogers*, 246 S. C. 438, 144 S. E. (2d) 485 (1965). When the testator's intention has been clearly expressed and does no violence to established rules of law, arbitrary and technical rules of construction will not be permitted to defeat it. *Lee v. C & S National Bank*, 253 S. C. 556, 172 S. E. (2d) 114 (1970); *Wates v. Fairfield Forest Prod-ucts Co.*, 210 S. C. 319, 42 S. E. (2d) 529 (1947).

Section 21-7-420 Code of Laws of South Carolina, 1976, reads

No words of limitation shall be necessary to convey an estate in fee simple by devise but every gift of land by devise shall be considered as a gift in fee simple unless

such a construction be inconsistent with the will of the testator, expressed or implied.

Wise's children point to this statute in support of their argument that they received a fee simple title in their father's real estate. They also correctly state that a bequest or devise in terms sufficient to unequivocally convey a fee will not be cut down by subsequent language which is less clear and distinct than that of the original gift. *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637 (1952). However, we cannot consider the will piecemeal; but must attribute due weight to all of its language, giving effect to every part, if under a reasonable interpretation, all of the provisions can be harmonized with each other and with the will as a whole. *King v. S. C. Tax Commission,* 253 S. C. 646, 173 S. E. (2d) 92 (1970). The use of words of restriction after language which in itself would be sufficient to create an absolute estate may, of course, be evidence — to be considered with other provisions in the will — of an intent to create a less estate. *Rogers v. Rogers, supra; Shevlin v. Colony Lutheran Church,* 227 S. C. 598, 88 S. E. (2d) 674 (1955).

Nowhere in the will are the testator's children expressly given a fee simple estate. If an absolute estate was intended, reference to the grandchildren would be completely unnecessary. If the construction urged by appellants is adopted, all of the language concerning the grandchildren would become entirely superfluous. Only a very strong reason can justify the treatment of any of the testator's words in his last will and testament as surplusage. *Lemmon v. Wilson* 204 S. C. 50, 28 S. E. (2d) 792 (1944).

We are guided in our decision that the testator intended his children to have a life estate by his use of the phrase "and that after the death of the last of my children, the said property shall be owned by my grandchildren then living, to them, their heirs and assigns forever." The words "after the death of the last of my children" are at least as clear, if not more so, than the words used in making the devise to Wise's children. These words are not of doubtful import. The intent of the testator to limit the devise is manifested clearly and unmistakably. *See Johnson v. Waldrop,* 256 S. C. 372, 182 S. E. (2d) 730 (1971).

Even though it is not necessary to use words of limitation such as "to them, their heirs and assigns forever" to convey a fee simple, the testator's use of these words lends further

support to our conclusion. These words were not used in the devise to the children but were employed in the grant to the grandchildren. The testator was obviously aware of the significance of words of inheritance by using them only with respect to the surviving grandchildren. Their use in this manner is further evidence that the testator intended to devise a life estate to his children and a remainder in fee simple to his grandchildren.

We have carefully considered the testator's whole will. If the will is construed as only giving the children a life estate, such a construction harmonizes and gives effect to all parts of the will and is also in accordance with the obvious intention of the testator. *Wates v. Fairfield Forest, supra.* To hold otherwise, would result in certain portions of the will being treated as surplusage or, even worse, as a void disposition of property.

Having now ascertained the intention of the testator, it should be given effect unless it contravenes some well settled rule of law or public policy. Wise's children claim that the portion of the will restraining the alienation of the land except among the children and grandchildren is void as against public policy. The will stated that any conveyance of the land except to another devisee "shall be construed to be only for the lifetime of my last surviving child."

Under South Carolina common law, any unreasonable limitation upon the power of alienation is against public policy and must be construed as having no force and effect. *McCravey v. Otts*, 90 S. C. 447, 74 S. E. 142 (1912). An absolute restraint upon the free and unlimited power of alienation, annexed to a grant or devise in fee simple is void; this rule is not changed when the right of alienation is permitted among but limited to the heirs or devisees of the testator. *Langston v. Wooten*, 232 N. C. 124, 59 S. E. (2d) 605 (1950).

This is not a situation where a restraint has been imposed upon the alienation of a fee simple. The restraint imposed here was on a life estate. However, a life tenant can convey no more than his life estate. *Hutto v. Ray*, 192 S. C. 364, 6 S. E. (2d) 747 (1940); *Belue v. Fetner*, 251 S. C. 600, 164 S. E. (2d) 753 (1968). Therefore, the restraint imposed is a restraint that exists inherently in every life estate. Also, the restraint imposed by the will is, in fact, broader than the restraint that would have been imposed by

the nature of the life estate itself. Under the will, a conveyance to a non-devisee is effective until the death of the last of Wise's children rather than the death of the conveying life tenant. In this situation, there is no doubt that the restraint is valid. *Belue v. Fetner, supra.*

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.