**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mell Woods, Appellant,

v.

John D. Hinson; Christine Jones; John C. Hinson; William L. Hinson; Lois Hinson; Robert Breakfield, as Personal representative of the Estate of Reba P. Hinson; Elaine H. Hensley; Robert H. Hinson; George Stanford, as Personal Representative of the Estate; Linda H. Stanford; William C. Hinson, Jr.; Darrell W. Hinson; and Mary Roe and John Doe, fictitous names used to designate all other parties, whose names are unknown, and any and all other persons claiming any right, title, estate interest or lien upon the real estate described in the complaint, Respondents.

Appellate Case No. 2012-212330

Appeal From Chester County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2014-UP-010
Submitted November 1, 2013 – Filed January 8, 2014

**AFFIRMED**

Mell Woods, of Lancaster, pro se.

B. Michael Brackett, of Moses & Brackett, PC, of
Columbia, for Respondents.

---

**PER CURIAM:**  Mell Woods appeals the circuit court's order granting summary
judgment in favor of Respondents.  Woods argues the circuit court erred in: (1)
granting summary judgment when issues of material fact remained; (2) denying his
right to a jury trial in violation of section 15-67-100 of the South Carolina Code
(2005); (3) finding Reba Hinson acquired a life estate under Levie Hinson's will;
and (4) finding Reba Hinson, as a life tenant, could not claim adverse possession
against the remaindermen to the life estate.  We affirm.[1]

1.  As to issue one and issue three, the circuit court did not err in granting summary
judgment because Woods failed to create a genuine issue as to any material fact.
*See S. Glass & Plastics Co., Inc. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205,
208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment
motion, this court applies the same standard that governs the trial court under Rule
56(c), SCRCP; summary judgment is proper when there is no genuine issue as to
any material fact and the moving party is entitled to judgment as a matter of law.").
First, no evidence supports Woods's argument that the circuit court applied an
improper standard in granting summary judgment.  The circuit court's order does
not specifically state the standard it applied in granting summary judgment.  The
circuit court apparently treated the issues presented as questions of law, which was
proper because the interpretation of a will is a question of law to be decided by the
court.  *See* 96 C.J.S. *Wills* § 901 (2011) ("Generally, the interpretation or
construction of a will, or so much thereof as is applicable to the case under
consideration, is a question of law for the court and not one of fact for the jury . . .
." (footnotes omitted)).  Moreover, although Levie Hinson's will was ambiguous,
any ambiguity in the will was a patent ambiguity; therefore, the circuit court
properly resolved the issue as a matter of law.  *Beaufort Cnty. Sch. Dist. v. United
Nat. Ins. Co.*, 392 S.C. 506, 526, 709 S.E.2d 85, 95 (Ct. App. 2011) (stating "[a]
patent ambiguity is one that arises upon the words of a will, deed, or contract"); 96
C.J.S. *Wills* § 901 ("When a patent ambiguity exists in a will, a court must resolve
such ambiguity as a matter of law."); *see also United Nat. Ins. Co.*, 392 S.C. at
526, 709 S.E.2d at 95-96 (recognizing, in the context of an insurance policy, the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

interpretation of a policy with a patent ambiguity is for the court). Furthermore, Woods's conclusory allegations of title to the property in question are insufficient to withstand summary judgment. *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 389, 701 S.E.2d 776, 779 (Ct. App. 2010) ("As Rule 56(e), SCRCP, states, a party 'may not rest upon the mere allegations or denials of his pleading[s].'" (citation omitted)); *see also Shupe v. Settle*, 315 S.C. 510, 516-17, 445 S.E.2d 651, 655 (Ct. App. 1994) ("A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment.").

Additionally, the circuit court properly determined Reba Hinson acquired a life estate under Levie Hinson's will. "The cardinal rule in the construction of any will is to determine the intent of the testator as gleaned from the written instrument itself; technical rules or interpretation are subservient to that principle." *Wise v. Poston*, 281 S.C. 574, 577, 316 S.E.2d 412, 414 (Ct. App. 1984). Here, Levie Hinson's will states: "I will, devise and bequeath unto my beloved wife, [Reba Hinson,] all my real estate, *in fee simple, as long as she lives then to our bodily heirs forever*." (emphasis added).

> [W]hen a gift is made in one clause of a will in clear and unequivocal terms, the quality or quantity of the estate given should not be cut down or qualified by *words of doubtful import* found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given.

*Wates v. Fairfield Forest Prods. Co.*, 210 S.C. 319, 322, 42 S.E.2d 529, 530 (1947) (emphasis added).

Although Levie Hinson's will uses the term "fee simple," the will also includes words of limitation indicating Reba Hinson is entitled to the property "as long as she lives." The words of limitation are not of doubtful import; rather, they are as clear as the term "fee simple" and demonstrate Levie Hinson's intent to create a life estate. *See Blackmon v. Weaver*, 366 S.C. 245, 249, 621 S.E.2d 42, 44 (Ct. App. 2005) (stating no special language is required to create a life estate, rather courts will look to the intention of the creator of the estate); *Epting v. Mayer*, 283 S.C. 517, 519, 323 S.E.2d 797, 798 (Ct. App. 1984) ("If the intention of the testator is to be given effect, as it must be, courts must be permitted . . . to disregard words of absolute gift and to declare the estate created to be a limited estate where a clear

intention to that effect appears."). Moreover, if we interpreted this will as vesting Reba Hinson with a fee simple interest in the property, it would require us to ignore the provision of the will, which provided for a remainder in the parties' heirs. *See Blackmon*, 366 S.C. at 250, 621 S.E.2d at 44 (stating "a construction which gives meaning to all should be preferred over one which renders some provisions meaningless"). Therefore, because Reba Hinson inherited a life estate under Levie Hinson's will, any interest Woods acquired in the property from Reba Hinson extinguished when Reba Hinson died because "a life tenant can convey no more than his life estate." *Poston*, 281 S.C. at 579, 316 S.E.2d at 415. Accordingly, the circuit court did not err in granting summary judgment because Woods failed to show any genuine issue of material fact.

2. As to whether the circuit court violated section 15-67-100 in denying Woods a jury trial, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("In order for an issue to be preserved for appellate review, with few exceptions, it must be raised and ruled upon by the [circuit court]."); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e)[,SCRCP,] to present to the court an issue the party could have raised prior to judgment but did not.").

3. As to whether the circuit court erred in finding Reba Hinson, as a life tenant, could not claim adverse possession against the remaindermen to the life estate, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) ("The party asserting adverse possession must show continuous, hostile, open, actual, notorious, and exclusive possession for a certain period of time."); *id.* at 15, 681 S.E.2d at 14 ("A person claiming adverse possession must have personally held the property for ten years, and tacking is *allowed only* between ancestor and heir." (emphasis added)); *Phipps v. Hardwick*, 273 S.C. 17, 25, 253 S.E.2d 506, 510 (1979) ("[A]dverse possession . . . cannot run against remaindermen until the death of the life tenant.").

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**