**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Hunter Youmans, Appellant,

v.

Mark B. Tinsley and Diane E. Tinsley, Respondents.

Appellate Case No. 2019-000736

Appeal From Allendale County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2021-UP-446
Submitted October 1, 2021 – Filed December 15, 2021

**AFFIRMED**

J. Cameron Halford, of Halford, Niemiec & Freeman, LLP, of Lake Wylie, for Appellant.

H. Woodrow Gooding and Mark Brandon Tinsley, both of Gooding & Gooding, PA, of Allendale, for Respondents.

**PER CURIAM:** William Hunter Youmans (Hunter) appeals an order granting Mark B. Tinsley and Diane E. Tinsley's (collectively, the Tinsleys') motion for summary judgment. On appeal, Hunter argues the circuit court erred by (1) granting summary judgment while motions for discovery noncompliance were

pending; (2) retroactively applying post-1993 presumptions under section 27-5-130(c) of the South Carolina Code (2007); (3) failing to view all facts and inferences in Hunter's favor; and (4) granting summary judgment without evidence that Hunter had revoked, waived, or released his right of purchase to the property at issue.

In 1988, Calvin Causey Youmans (Calvin) deeded real property (the Property) to his son Robert Martin Youmans (Martin). The deed also contained two subsequent clauses: one granting a right to Calvin's three other sons (collectively, the Brothers) to use the pond house and pond on the Property; and the other requiring Martin, in the event he desired to sell or otherwise convey the Property, to offer the Property to the Brothers. In 2015, Martin sold the Property to the Tinsleys in fee simple absolute. Shortly thereafter, Hunter, one of the Brothers, served and filed a complaint seeking the circuit court to set aside the deed from Martin to the Tinsleys based on the two subsequent clauses in the 1988 deed.

We hold the circuit court did not err by granting summary judgment to the Tinsleys because there is no genuine issue as to any material fact. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").

First, the 1988 deed from Calvin to Martin granted a fee simple absolute to Martin because Calvin conveyed the Property to "[Martin], his heirs and assigns." *See Antley v. Antley*, 132 S.C. 306, 309, 128 S.E. 31, 32 (1925) ("A deed to one and his heirs grants a fee-simple estate."). Second, the subsequent clauses in the 1988 deed are void and unenforceable because the clauses "diminished" the fee simple absolute or "deprive[d]" Martin of "the incidents of ownership in the [P]roperty" in contravention of our laws. *See Shealy v. S.C. Elec. & Gas Co.*, 278 S.C. 132, 135, 293 S.E.2d 306, 308 (1982) ("Where the granting clause in a deed purports to convey a fee simple absolute title, subsequent provisions of the deed *cannot* diminish that granted or deprive the grantee of the incidents of ownership in the property."). The first clause purports to give the Brothers the virtually unrestricted right to use of the pond house and pond, which constitutes a significant limitation on Martin's fee simple estate and is inconsistent with a tenet of fee simple ownership—the right to exclude others. *See S.C. Elec. & Gas Co. v. Hix*, 306 S.C. 173, 176, 410 S.E.2d 582, 584 (Ct. App. 1991) ("At common law[,] an owner in peaceable possession of real property has the right to exclude all others from his

property."); *Stylecraft, Inc. v. Thomas*, 250 S.C. 495, 498, 159 S.E.2d 46, 47 (1968) (finding "the granting clause conveyed a fee simple absolute [and] the restrictive words following the description of the property were ineffectual to cut down that estate").  The second clause purports to give the Brothers a right of first refusal to purchase the Property.  However, the language of the clause requires Martin to sell the Property at 10% less than the fair market value, and it does not designate a time within which the Brothers must exercise their right of refusal. This clause is an unreasonable limitation on Martin's power to transfer ownership of the Property.  *See Wise v. Poston*, 281 S.C. 574, 579, 316 S.E.2d 412, 415 (Ct. App. 1984) ("Under South Carolina common law, any unreasonable limitation upon the power of alienation is against public policy and must be construed as having no force and effect.").[1]  Accordingly, we affirm the circuit court's grant of summary judgment.[2]

**AFFIRMED.**[3]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] Moreover, although Hunter asserts this clause is an option clause akin to the option clause in *Stroman v. South Carolina Power Co.*, the facts at hand are distinguishable from *Stroman* because the parties, terms, and price are indefinite and indeterminate.  168 S.C. 538, 541, 167 S.E. 844, 845 (1933) (holding the deed's language would be an enforceable agreement if it were executed as a stand-alone contract and thus be no less enforceable because the parties included it in a deed).

[2] Additionally, because the construction of a deed is a question of law, the circuit court did not fail to view the facts in Hunter's favor, did not err by ruling without evidence Hunter had released his rights to the Property, and did not prematurely rule based on the existence of pending discovery motions.  *See Hunt v. Forestry Comm'n*, 358 S.C. 564, 568, 595 S.E.2d 846, 848 (Ct. App. 2004) ("The construction of a clear and unambiguous deed is a question of law for the court."). Finally, the circuit court did not err by retroactively applying section 27-5-130(c). As noted in the circuit court's order, neither party argued the applicability of the statute, and the court did not apply the statute in making its ruling.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.