ALMON, executor, *et al. v.* SHELL *et al.*

GEORGE, J.   A testator, after devising, in items one and two of his will, specific property to two of his nieces, provided in item three as follows: "I direct that Ada Shell, daughter of John and Sarah Ann Shell, receive the full interest hereinafter bequeathed to any nephew or niece as fully as her mother, my niece, the said Sarah Ann Shell, would have been entitled to under the scheme of this will; the said Ada to inherit, to the exclusion of her brothers and father, the whole share of her mother, my said niece, equal with every other nephew and niece." In item five he provided: "I direct that the remainder of my estate, left after satisfying the specific legacies mentioned in the foregoing items of this will [referring to items one and two], be equally divided per capita among my nephew and nieces who are the children of my deceased brothers and sisters [named], the said nieces before mentioned [naming the two nieces referred to in items one and two] to receive, in addition to said special legacies, a full per capita share of said remainder of my estate, and the said Ada Shell to take a full per capita share as though she were a niece, taking in her mother's stead a full niece's share; and if any of my said nieces, the children of my deceased brothers and sisters, are now, or should hereafter die before the distribution of my said estate, then I will [and] bequeath the share of such deceased nephew or niece to their heirs." Sarah Ann Shell, a niece of the testator, was dead at the time of the execution of the will. Ada Shell, her only daughter, had taken the place of her mother in the home, to the knowledge of the testator. Ada Shell died before the death of the testator, leaving as her heirs at law her father and seven brothers. *Held:* Keeping in mind the general principle that effect is to be given to the intention of the testator as gathered from the entire will, according to which the share devised to Ada Shell was to stand on the same basis as a devise to a niece of the testator in all respects, the legacy to Ada Shell did not lapse, and her heirs at law take the share of the estate devised to her under the fifth item of the will.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*

No. 698.   APRIL 11, 1918.

Construction of will. Before Judge Terrell. Carroll superior court. October 12, 1917.

*S. Holderness* and *C. E. Roop,* for plaintiff.

*R. W. Freeman* and *Hall & Jones,* for defendants.