In the Matter of the Estate of SALLY H. FOSTER, Deceased.

Surrogate's Court, Suffolk County, June 6, 1931.

*Moffat & Sanford*, for the petitioner.

*Griggs, Baldwin & Baldwin* [*Edwin N. Moore* of counsel], for the respondents.

*Nathan O. Petty*, special guardian.

PELLETREAU, S. The court is asked to construe the meaning of the word " contents " in the 9th clause of the will of the deceased, which reads as follows:

" *Ninth.* I give, devise and bequeath my residence on Main Street, Quogue, Long Island, consisting of about six (6) acres, known as my home place, together with buildings and improvements thereon, and all the contents thereof, to Katharine S. Smith, of Quogue, Long Island; and I give, devise and bequeath my lot on Quogue Beach, with the beach house thereon, next to the property now owned by A. S. Post, to Katharine S. Smith, of Quogue, Long Island."

Attached to the petition are certain schedules of personal property, to wit:

Schedule    I. Contents of attic.
Schedule   II. Contents of dining room and closet at head of stairs, silverware.
Schedule  III. Bonds, mortgages, securities and papers.
Schedule  IV. Fire insurance policies.
Schedule   V. Checks, notes, paper and currency
Schedule  VI. Live stock on home place.
Schedule VII. Automobiles found in barn on home place.
Schedule VIII. Jewelry and personal effects found at various places in home place of decedent.
Schedule  IX. Furniture and furnishings of various kind found in homestead of decedent.

The word " contents " as used in clause 9 of the will is not a general legacy but is specific and as such speaks as at the time of

the execution of the will. The silverware in Schedule II, in my opinion, was never meant to be included by the decedent as part of the bequest in the 9th clause of the will. Much of it consisted of family heirlooms, monogramed or inscribed with the initials of ancestors of decedent — Foster's, Howell's, Post's, etc., who have long since passed away. There is an old custom here, and elsewhere, that such family silver follows the blood unless there be very clear cut directions to the contrary. Furthermore, said silver did not comprise the regular equipment of the house and for a large portion of the time was kept in a safe deposit box in a bank. Katharine S. Smith was not related to the decedent. The residuary legatees were blood relatives. In my opinion they should be awarded the solid silver in Schedule II; the bonds, mortgages and securities in Schedule III; the fire insurance policies in Schedule IV; the checks, cash, currency, etc., in Schedule V and the personal jewelry and effects in Schedule VIII, attached to the petition. The articles specified in Schedule IX have already been delivered to Katharine S. Smith.

At the time of the execution of the will, February 4, 1929, the silver, mentioned in Schedule II, was not in decedent's home but was in a safe deposit box in the Seaside Bank at Westhampton and it is likewise true that a number of the securities were not acquired by the decedent until after she made her will. Testatrix certainly could not have had them in mind. Furthermore, a gift of lands and contents does not carry bank books, mortgages and securities in a safe on the premises. There is much authority in this State and in England to that effect.

The furniture, furnishings and regular equipment of the house should be and are awarded to Miss Smith. There was a barn and outbuildings upon the premises. I rather think the word "contents," as applied to them, would mean, for instance, in a barn the hay, grain, farm animals, tools and utensils there kept, and if the barn was used as a garage in which to keep the automobiles, I rather think such automobiles and live stock should go to Miss Smith. They were normal usual contents.

The 2d clause of decedent's will reads as follows:

"Second. I give, devise and bequeath my real property on Main Street, Quogue, Long Island, known as 'Misthoma' consisting of approximately one (1) acre of land, with all buildings and improvements thereon, and with all the contents thereof, to my friend, Margaret Foster Moore, of 11 Tanglewylde Avenue, Bronxville, New York."

The said Margaret Foster Moore was likewise a sister of Katharine Smith, aforesaid. From an examination of the record and

inventories in this estate, it appears that these two sisters, unrelated to the decedent, receive as a gift $35,139 of undisputed property out of the total net estate of about $200,000, leaving approximately, for the residuary legatees and devisees, after payment of cash legacies, $146,000. If from this is deducted the additional claims of Miss Smith and Mrs. Moore to over $40,000, they would receive over $75,000, and the residuary legatees about $100,000. A construction of the word " contents " in this connection in this estate to create such a situation is unreasonable and out of balance. I do not think the decedent intended anything of the kind. What would she have said if told that, in remembering these two friends with the two houses, they would obtain almost half of her estate?

Order accordingly.