LINSON *v.* CRAPPS, administrator.

No. 16290.   September 14, 1948.

*Fort & Fort,* for plaintiff in error.

*James W. Bonner* and *Stone & Stone,* contra.

HEAD, Justice.   While courts may look to the will as a whole to determine the intention of the testatrix (*Gaboury* v. *McGovern,* 74 *Ga.* 140; *Sumpter* v. *Carter,* 115 *Ga.* 894, 42 S. E. 324, 60 L. R. A. 274; *Almon* v. *Shell,* 147 *Ga.* 800, 95 S. E. 681; *Owens* v. *C. & S. National Bank,* 177 *Ga.* 290, 170 S. E. 196), there is no other provision in the will in the present case that throws any light upon the probable intention of the testatrix by the language used in item 3.

From the agreed statement of facts it appears that the bonds which are the subject-matter of the litigation were not owned by the testatrix at the time of the execution of the will and were

not acquired until some years later. Since after-acquired property may be disposed of by will (*Evans* v. *Pennington,* 177 *Ga.* 56, 169 S. E. 349), the fact that the bonds were not owned by the testatrix at the time the will was made would not preclude a conveyance of them to the beneficiary named in item 3, provided the language of the item will support the contentions of the plaintiff in error.

The word "contents" is a word of comprehensive meaning, and the words "contents of said home" are sufficient to convey to the beneficiary in item 3 the household effects and such articles as are normally and usually kept for household and family use. The general rule is, however, that the words, "contents of a home," do not include deeds, mortgages, insurance policies, savings-bank books, and like items which might be classed as choses in action. 57 Am. Jur. 902, § 1360. See Annotations, 120 A. L. R. 1207, et seq. Of course, if the bequest should be definite and the contents of a specific receptacle, such as a box or desk drawer, is named by the testator, the general rule would not apply.

In *Dozier* v. *Bailey,* 185 *Ga.* 666 (196 S. E. 420), it was held that a bequest in the following language, "I further will and bequeath to my said husband all of the furniture and other articles that may be in the bedroom used by me," did not convey to the husband a promissory note or a savings account evidenced by a passbook found in a dresser drawer in the bedroom. While the language in the *Dozier* case is not identical with that employed by the testatrix in this case, the *Dozier* case is in accord with the general rule and weight of authority and is a precedent for application of the general rule in this case. We therefore hold that the government bonds found in the dresser drawer in the home of the testatrix did not pass to the beneficiary named in item 3 of the will.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*