JEFFREYS *v.* GLOVER, administrator.

No. 16421. NOVEMBER 17, 1948.

*Harris, Henson & Spence,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* and *J. Littleton Glover,* for defendant.

GROVES, Justice. The right of the plaintiff in error to recover the savings certificates, the amount deposited in the bank and represented by a passbook, and the currency, rests upon the language in paragraph 3 of item 14 of the will: "To Mrs. Eugenia Knott Jeffreys my cedar chest, together with all its contents." The word "contents" is a word of comprehensive meaning, and the words, "my cedar chest, together with all its contents," standing alone, would appear to require the construction insisted upon by the plaintiff in error.

In the construction of wills, however, it has long been the rule that courts will look to the instrument as a whole to determine the intention of the testatrix, and not to a detached part of it. *Cook* v. *Weaver,* 12 *Ga.* 47; *Brown* v. *Weaver,* 28 *Ga.* 377; *Rogers* v. *Highnote,* 126 *Ga.* 740 (56 S. E. 93); *Blakeman* v. *Harwell,* 198 *Ga.* 165, 175 (31 S. E. 2d, 50); *Linson* v. *Crapps,* 204 *Ga.* 264 (49 S. E. 2d, 523). In the present case, while there are other provisions that might be considered in determining the intention of the testatrix, particularly the residuary clause in item 15, we need look no further than to the whole of the language in paragraph 3 of item 14. The testatrix did not in such paragraph, or elsewhere in the will, undertake to describe or indicate the property or contents of the cedar chest. Paragraph 3 of item 14 is one complete sentence, and at the conclusion, in parentheses, are the words, "not including money, notes, choses in action and personalty of like kind." Between the words giving the cedar chest and its contents and the words of limitation are other specified items, none of which were money, notes, choses in action, or personalty of like kind. The words of limitation at the con-

clusion of paragraph 3 of item 14 could relate to but one subject-matter, the contents of the cedar chest. It is most evident that the items claimed by the plaintiff in error were definitely excluded by the testatrix in her bequest to the plaintiff in error.

There is no necessity to resort to circumstantial evidence to ascertain the intention of the testatrix, where from the language of the will the asserted ambiguity does not exist.

The trial court did not err in sustaining the demurrers to the items claimed by the plaintiff in error under the language of paragraph 3 of item 14; and the parol evidence tending to show circumstances contrary to the plain language of the will was properly excluded. *West* v. *Randle, 79 Ga.* 28 (3 S. E. 454).

*Judgment affirmed. All the Justices concur.*