0324

Chloe EPTING, Respondent, v. Janie E. MAYER, E. E. Epting, Jessie E. Koon, Ruby E. Davis, Lucille E. Barrier, Mildred E. Davis, Elberta E. Metts and Ralph E. Epting, Defendants, of whom Mildred E. Davis, Ruby E. Davis, Jessie E. Koon, Lucille E. Barrier and Elberta E. Metts are Appellants.

(323 S. E. (2d) 797)

Court of Appeals

*Eugene L. Brantley* and *Thomas B. Jackson, III* of *Brantley & Jackson, P. A.,* Columbia, *for appellants.*

*Joseph W. Hudgens* of *Pope & Hudgens,* Newberry, *for respondent.*

518

Heard Sept. 20, 1984.

Decided Nov. 28, 1984.

SHAW, Judge:

This appeal involves the construction of devise in a will. The question we review is: what estate is devised to respondent Chloe Epting by Item V of Mahalie Cummings Epting's will? Item V states:

> I will, devise and bequeath unto my two daughters, Eula Epting and Chloe Epting, all real estate of which I may die seized and possessed, to have and to hold in fee simple absolute and in case of the death of either of my said two daughters, then to the survivor of the two, and in the event my said two daughters should die without issue, either before or after my death, then and in that event the said property shall go to my two sons, J. Cornelius Epting and Quincy A. Epting, share and share alike, and in case either or both of my said sons should die before my said two daughters, then and in that event, the child or children of either or both of them shall take the portion their parent or parents would have taken if they had been alive at the said time.

Mahalie Cummings died in 1939 leaving four children, Chloe, Eula, J. Cornelius, and Quincy A. Chloe is the only living child. Eula died unmarried and without children. J. Cornelius was survived by three children and Quincy A. was survived by five. Chloe brought this action naming her eight nieces and nephews as defendants alleging she had received an offer to buy the timber on the land devised in Item V and further alleging the timber was infested with insects and would soon lose it value. Chloe asked the court to define "the extent and nature" of her title under Item V. Quincy A.'s children answered denying title in Chloe and seeking either an injunction against removal of the timber or protection of the proceeds. The trial court found Mahalie Cummings gave Chloe a fee simple estate and further found the language of defeasance in the same sentence repugnant to the conveyance. Quincy A.'s children appeal. We affirm.

On this appeal our jurisdiction is limited to the correction of errors of law. The guiding principles for this task were well summarized by our Supreme Court in *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637, 641 (1952):

There is no doubt of the soundness of the rule to the effect that a bequest or devise in terms sufficient to unequivocally give the property absolutely or in fee will not be deemed cut down by subsequent language which is less clear and distinct than that of the original gift. . . . It is equally well settled that an estate devised in fee cannot by subsequent limitation be stripped of its legal incidents, and where it appears that the controlling intention is to give an absolute estate, subsequent language inconsistent therewith must be held ineffective. "But before this doctrine may be invoked, it must appear clearly, from a reading of the whole will, that testator's intention was to vest in the first taker an estate of absolute ownership. The use of words of restriction after language which in itself would be sufficient to create an absolute estate may of course be evidence — to be considered with other provisions in the will — of an intent to create a less estate." *In re Bryne's Estate* 320 Pa. 513, 181 A. 500, 502. The court there summed up the applicable principles as follows: If the intention of the testator is to be given effect, as it must be, courts must be permitted, considering each case separately, to hold ineffective words of restriction and to enforce an absolute estate, where such an estate was intended, or, conversely, to disregard words of absolute gift and to declare the estate created to be a limited estate where a clear intention to that effect appears.

Applying the *Rogers* test, we hold the will gave Chloe a fee simple absolute. First of all, the will clearly manifests an intention on the part of the testatrix to vest an absolute estate in the surviving daughter as evidenced by the testatrix's overall scheme to provide for her two daughters and the survivor of them. Secondly, language expressly bestowing at the outset a fee simple estate has been generally treated as controlling. *Schroder v. Antipas,* 215 S. C. 552, 56

S. E. (2d) 354 (1949); *Adams v. Verner*, 102 S. C. 7, 86 S. E. 211 (1915); *Moore v. Sanders*, 15 S. C. (45 S.C.L.) 440 (1881); *McAllister v. Tate*, 15 S.C.L. (11 Rich.) 509 (1858).

The subsequent language of defeasance on which Quincy A.'s children rely does not cut down the estate granted to Chloe, because it is repugnant to the testatrix's expressed intent to grant an absolute title to the land.

It is striking that in two cases reaching conclusions contrary to the doctrine of repugnancy, that is, holding that the devise was in fact defeasible giving effect to the secondary language, the Supreme Court in each case specifically observed that the language of the devise did not "expressly" grant a fee simple estate. *Shevlin v. Colony Lutheran Church*, 227 S. C. 598, 88 S. E. (2d) 674, 677 (1955); *Wates v. Fairfield Forest Product Co.*, 210 S. C. 319, 42 S. E. (2d) 529, 530 (1947).

For the reasons stated, Chloe possesses a fee simple title to the subject property.

Affirmed.

BELL and GOOLSBY, JJ., concur.