23654

In the Matter of Ezra D. CLARK. Roxie C. Smith, Appellant v. Lucille EVANS, Personal Representative of the Estate of Ezra D. Clark, Respondent.

(417 S.E. (2d) 856)

Supreme Court

*Stephen K. Haigler*, Anderson, *for appellant.*

*Harold P. Threlkeld*, Anderson, *for respondent.*

Heard Nov. 21, 1991.

Decided May 11, 1991.

FINNEY, Justice:

Appellant Roxie C. Smith appeals the Master-in-Equity's

construction of a phrase in the codicil to a will. We affirm.

Ezra D. Clark died testate on August 8, 1988, leaving a codicil to his will. The pertinent portion of Item I of the Codicil provided as follows:

> (a) I give, devise and bequeath unto my sister, Roxie Smith, my real property located at 16 P Street, Anderson, South Carolina, and all contents therein in fee simple.
>
> (b) I give, devise and bequeath all the rest and residue of my property, both real and personal, which I now own, or which I may hereafter acquire by deed, devise or otherwise to my sister, Rosie (sic) Smith, and my niece Lucille Evans, in equal shares to share and share alike. I further direct that if said property cannot be divided in kind, that it is be sold, and the proceeds from the sale be equally divided between my sister, Roxie Smith, and my niece, Lucille Evans, to share and share alike.

Immediately after the testator's death, the appellant and Respondent Lucille Evans, Appellant's daughter, together removed a safe from the bedroom closet of the dwelling at 16 P Street. Upon opening the safe, the appellant and the respondent found therein $30,000 in United States currency. They divided the cash equally between themselves and agreed not to show the $30,000 cash among the estate assets in the Probate Court records. At the time the cash was divided, appellant and respondent knew of the testator's will but were not aware of the terms of the codicil.

The respondent was appointed Personal Representative of the estate under the terms of the will. Subsequently, the relationship between the appellant and the respondent deteriorated. On March 8, 1989, the appellant petitioned the Probate Court, *inter alia,* to construe the last phrase, "all contents therein," in Item I(a) of the codicil claiming she was bequeathed the full $30,000 thereunder. Among other specific directions in the resulting order of May 17, 1989, the Probate Court ordered that the $30,000 be excluded from the devise of "contents" under Item I(a) of the codicil. On appeal, the Master upheld the ruling of the Probate Judge.

Before this Court, the appellant contends there is nothing in the language of the will to justify what she characterizes as such a narrow construction and that she is entitled to the con-

tents of the safe based upon the fact that it was contained in the house. We disagree.

The cardinal rule of will construction, as well as our primary inquiry, is the determination of the testator's intent. *May v. Riley*, 279 S.C. 248, 305 S.E. (2d) 77 (1983); *Johnson v. Thornton*, 264 S.C. 252, 214 S.E. (2d) 124 (1975). A will must be read in the ordinary and grammatical sense of the words employed, unless some obvious absurdity, repugnancy or inconsistency with the declared intention of the testator, as abstracted from the whole will, should follow from such construction. *Love v. Love*, 208 S.C. 363, 38 S.E. (2d) 231 (1946).

The word "contents" must receive its full, comprehensive import unless, from the context and consideration of the will as a whole, some distinct ground for regarding it as used in a special and restricted sense can be ascertained. *Old Colony Trust Co. v Hale*, 302 Mass. 68, 18 N.E. (2d) 432 (1939). In the absence of a contrary testimonial intention, as a general rule, a bequest of the contents of a house will not include choses in action or money found therein at the testator's death. 80 Am. Jur. (2d), *Wills*, § 1277; *Linson v. Crapps*, 204 Ga. 264, 49 S.E. (2d) 523 (1948). *See also Matter of Estate of Rudy*, 329 Pa. Super. 458, 478 A. (2d) 879 (1984).

Under this Court's construction of the contested bequest, and the will as a whole, we find no explicit or implicit intent of the testator to bequeath more than what is generally considered materially germane to the occupation, operation and maintenance of a home. Hence, household "contents" would include furniture, furnishings, appliances, utensils and other items similarly used to convert an empty house into a home. *See In re Foster's Estate*, 251 N.Y.S. 797, 140 Misc. 341 (1931).

We conclude that the bequest of household contents to the appellant does not include cash. Additionally, throughout the will and the codicil, with the exception of the one specific devise, the testator evinces the intent to equally divide his property between the appellant and the respondent.

For the foregoing reasons, the judgment of the Master-in-Equity is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.