24199

In the matter of the ESTATE OF Arthur H. GERHARD, Jr., Edward F.L. Bruen, as Personal Representative, Respondent v. John S. CRAM by his guardian Ad Litem, John MINOR, Esquire; Peter C. Cram; Edith Clair Cooper Cram Vidich; Henry S. Cram, Jr.; Lou Rowan DuFresne; Philippus Miller, Jr.; Eliza Ames Littlefield; Ottilie Wight Conway; Charles H. Wight, III; Ann Ames Deetz; George G. Miller; Millicent Ames Adamson; Allison Withrop Ames; Katrina Woolsey Ames; Anna Gerhard Ames; Mary C. Smith; Corestates Bank and Philippus Miller, Jr., as Co-Trustees of that certain Trust Agreement dated April 1, 1931; The Bank of New York and Edward F.L. Bruen, as Trustees of that certain Trust Agreement dated March 21, 1950, last amended March 26, 1965; and John Doe and Richard Roe, fictitious names representing as a class those unknown and unborn persons who may be or remainderpersons of the Trust dated March 21, 1950, last amended March 26, 1965, Defendants, all of whom are Respondents, except Corestates Bank, Co-Trustee, Appellant.

(455 S.E. (2d) 683)

Supreme Court

*William A. Ruth* and *Michael G. Olivetti*, Hilton Head, *for appellant.*

■

*William M. Bowen,* of *Bowen, Pitts & Morton,* Hilton Head, *for respondent John S. Cram.*

*John H. Minor, Jr.,* of *Hughes & Wieter, P.A.,* Hilton Head, *Guardian Ad Litem for John S. Cram.*

*John J. McKay, Jr.,* Hilton Head, *for respondent Henry S. Cram, Jr.*

*William R. Phipps,* of *Bethea, Jordan & Griffin, P.A.,* Hilton Head, *for respondent Lou Rowan DuFresne.*

*Roberts F. Vaux,* of *Vaux & Marscher, P.A.,* Hilton Head, *for respondent Edward F.L. Bruen.*

*Joseph M. Samulski,* of *Emmett, Marvin & Martin,* New York City, *for respondent The Bank of New York.*

*All other respondents, pro se.*

Heard Jan. 4, 1995.

Decided Feb. 27, 1995.

MOORE, Justice:

This is a will construction case involving allocation of the liability for estate taxes. We affirm in part and reverse in part.

### FACTS

Decedent Gerhard died September 16, 1990. At the time of his death, Decedent's gross estate for purposes of federal and state estate tax liability[1] included the following assets:

| | |
|---|---|
| 1) Real estate | $1,200,000.00 |
| 2) Mortgages, notes and cash | 134,134.79 |
| 3) Miscellaneous property | 95,059.01 |
| 4) Transfer during life | 2,082,424.53 |
| 5) Power of appointment | 446,368.87 |

Item no. 4, "Transfer during life," refers to the corpus of a trust created by Decedent in 1931 (Philadelphia Trust) in which he retained a lifetime income interest, the principal to

---

[1] Gross estate for both federal and state estate tax purposes is determined under the Internal Revenue Code. *See* S.C. Code Ann. §12-15-40 (1976) (subsequently repealed and reenacted as § 12-16-20(3) (Supp. 1993)).

certain named beneficiaries upon Decedent's death.[2] Under Internal Revenue Code § 2036 (a)(1), the corpus of this trust is included in Decedent's gross estate even though not bequeathed by Will because Decedent retained a lifetime income interest in it.

Item no. 5, "Power of Appointment," refers to a marital trust created by Decedent's wife in 1950 (New York Trust), giving Decedent a general power of appointment over a portion of the trust. The entire portion of the corpus subject to Decedent's general power of appointment is included in his gross estate under Internal Revenue Code § 2041(a)(2) whether or not such power is exercised.

Decedent's will included the following pertinent provisions:

### ITEM FIRST

I direct my executors to pay all of my just debts and funeral and administration expenses and *taxes* as soon after my death as practicable and that all estate or inheritance taxes imposed upon or in relation to any property owned by me at the time of my death, or required to be included in my gross estate under the provisions of any tax law, shall, except to the limited extent provided in Item Fourth hereof, be *paid entirely out of my general estate, as an expense of the administration thereof, without proration or apportionment.*

### ITEM SECOND

I give, and bequeath to WILLIAM HOLMES of Pope Plantation, Hilton Head Island, South Carolina, and my other employees working for me at the time of my death or, if not working for me at the time of my death, the reason for not so working shall be retirement on account of age or disability, amount(s) commensurate with his or her years of service, with a maximum total to be bequeathed by reason of this item to be ($5,000.00) Five Thousand Dollars.

---

[2] The trust instrument provides Decedent could dispose of the principal by Will or it would go to the named beneficiaries. The Will does not dispose of the trust principal.

### ITEM FOURTH

My nephews and nieces having been provided for elsewhere than in this Will, I give, and bequeath to CHARLES WIGHT III and OTTILIE WIGHT CONWAY, of 607 King of Prussia Road, Radnor, Philadelphia, 19087, step-children of my late brother, WILLIAM G. GERHARD, in gratitude to their devotion to him, the sum of ($10,000.00) Ten Thousand dollars each after taxes, if they survive me, or if he or she should predecease me, survived by issue who survives me, then to such issue per stirpes.

### ITEM SIXTH

*In the event that my estate, after the payments called for pursuant to Item First herein, is insufficient to make payments of legacies called for pursuant to Items Second and Fourth herein, I do hereby exercise that certain Power of Appointment granted me by my late wife,* EDITH CRAM GERHARD, pursuant to certain Agreement, dated March 21, 1950, as amended, between EDITH BRYCE CRAM, as Grantor, and THE BANK OF NEW YORK and FIFTH AVENUE BANK and EDWARD F.L. BRUEN, as Trustees, *to the limited extent of appointing so much of the principal of said Trust as shall be required to provide the amounts necessary to make payment of the legacies* provided for in Items Second and Third [sic] herein, *and* to provide for the payment from said Trust of *all taxes and expenses due with respect to such legacies* in the event my estate shall be insufficient to cover such legacies, taxes and expenses. (Emphasis added.)

Respondent Bruen (Personal Representative) commenced this action alleging the estate had insufficient assets to pay the outstanding federal estate taxes[3] as directed under ITEM FIRST of the Will and seeking in pertinent part: (1) payment of the specific bequests in ITEM SECOND, and ITEM FOURTH of the Will by New York Trust as directed in ITEM SIXTH and (2) apportionment of the estate tax liability pursuant to S.C. Code Ann. § 62-3-916 (b) (1987).

---

[3] At the time of the hearing in this case, all State estate taxes had been paid in full.

At the hearing, the parties agreed New York Trust would pay the specific bequests in the amount of $25,000. Regarding the apportionment of taxes, the trial judge held Decedent's intent in ITEM FIRST of the Will was that the "general estate," from which taxes were to be paid, included Philadelphia Trust but not New York Trust. He relied on ITEM SIXTH, which provided that New York Trust would be liable for the taxes relating to the specific bequests of ITEM SECOND and ITEM FOURTH, and concluded the only taxes New York Trust was liable for were the taxes on those specific bequests. Appellant (Philadelphia Trustee) appealed seeking apportionment of the tax liability between it and New York Trust

## *ISSUE*

Is Philadelphia Trust included in Decedent's "general estate" for purposes of tax liability or does § 62-3-916(b) apply to apportion taxes between the New York and Philadelphia Trusts?

## *DISCUSSION*

Pursuant to ITEM FIRST of the Will, estate taxes are to be paid from Decedent's "general estate." The trial judge held Philadelphia Trust was included in Decedent's "general estate" for purposes of tax liability. Philadelphia Trust contends the term "general estate" refers to the *residual* estate after all specific bequests are made and therefore does not include Philadelphia Trust which was transferred to specific beneficiaries pursuant to the trust instrument. Since the general estate is insufficient to pay estate taxes, Philadelphia Trust contends taxes must be apportioned according to § 62-3-6-916(b), which provides:

> *Unless the Will otherwise provides, the tax shall be apportioned among all persons interested in the estate.* The apportionment is to be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax are to be used for that purpose. If the decedent's

will directs a method of apportionment of tax different from the method described in this Code, the method described in the will controls. (Emphasis added.)

We construe the phrase "general estate" in ITEM FIRST to mean the residual estate. This interpretation is consistent with the specific directive in ITEM FIRST that taxes be paid as an administrative expense "without proration or apportionment" since if tax liability were to be shared among beneficiaries, rather than taken from the residual pool of unbequeathed assets, some apportionment would have to be made. *See In re: Clark,* 308 S.C. 328, 417 S.E. (2d) 856 (1991) (primary inquiry of will construction is testator's intent); *see also In re: Mill's Will,* 272 A.D. 229, 70 N.Y.S. (2d) 746, 749 (1947) (interpreting directive in Will to pay taxes from "general estate" as indicating residuary estate).

Further, there is absolutely no evidentiary support for the trial judge's conclusion that Decedent took action showing he intended Philadelphia Trust to be liable for estate taxes. Nor does the language of the Will reveal such an intent. There is no provision in the Will countermanding the terms of the Philadelphia Trust instrument transferring the principal to named beneficiaries. The trial judge's construction of ITEM FIRST flies in the face of the language of the Will itself which does *not* transfer any portion of the principal of Philadelphia Trust to Decedent's estate.[4]

Without the inclusion of Philadelphia Trust in the general, or residual, estate, it is undisputed the general estate is insufficient to pay the federal estate taxes.[5] Once the general estate is depleted, liability for the remaining federal estate taxes must be determined under § 62-3-916 (b).[6] *See In re: Estate of Thompson,* 118 N.H. 361, 386 A (2d) 1280 (1978) (applying apportionment statute to extent residuary estate was insufficient to pay taxes as directed by Will where

---

[4] In view of our construction of the Will, we need not address appellant's argument that the testator had no power to invade the trust corpus for the payment of the estate taxes.

[5] Decedent's estate tax return indicates a total federal estate tax liability of $1,143,027.29, of which approximately $340,000 remains outstanding.

[6] The apportionment statute applies to both federal and state estate taxes. S.C. Code Ann. § 62-3-916(a)(5) (1987) (defining "tax" as federal and state estate taxes).

apportionment statute included the language "unless the will otherwise provides"). Under this section, the tax is apportioned "among all persons interested in the estate."[7] Liability for the remaining federal estate taxes should therefore be apportioned between the New York and Philadelphia trusts according to the proportionate value each bears to the total value of the interests of all persons interested in the estate.[8] In conclusion, under the Will, New York Trust must pay the taxes on the bequests in ITEM SECOND and ITEM FOURTH; under § 62-3-916(b), New York Trust must pay its proportionate share of the remaining estate taxes. Accordingly, we reverse that part of the trial judge's order holding New York Trust is liable only for the estate taxes on the specific bequests.

Affirmed in part; reversed in part.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[7] Under § 62-3-916(a)(3), the term "persons interested in the estate" is defined as:

> any person entitled to receive, or who has received, from a decedent or by reason of the death of a decedent any property or interest therein included in the decedent's estate. It includes a personal representative, conservator, and trustee.

"Estate" is defined under subsection (a)(1) as the gross estate, which includes both Philadelphia Trust and New York Trust for the reasons discussed above. See 26 U.S.C. §§ 2036(a)(1) and 2041(a)(2).

[8] The only other "persons interested in the estate" are those receiving tax exempt bequests under ITEM SECOND and ITEM FOURTH and the parties do not seek their inclusion under the apportionment statute for liability for the taxes in question. We do not read ITEM SIXTH of the Will specifying New York Trust is to pay the taxes on the bequests in ITEM SECOND and ITEM FOURTH to mean New York Trust is exempt from any other tax liability. Accordingly, we need not address here whether a testator's directive providing a tax exemption is effective once the apportionment statute must be invoked.