2489

NATIONSBANK OF SOUTH CAROLINA, as Personal Representative of the Estate of Margaret C. York and Trustee under agreement dated January 23, 1988, Respondent v. George Richard GREENWOOD, Elizabeth Jones, f/k/a/ Elizabeth Marie Ringer, Carl E. Jones, Margaret Theresa Jones, George Randolph Greenwood and Betty Marie Greenwood, of whom George Richard Greenwood is Appellant.

(468 S.E. (2d) 658)

Court of Appeals

*Albert L. Moses* and *B. Michael Brackett, Rogers, Townsend & Thomas,* Columbia, *for appellant.*

*Richard M. Kennedy, Jr.,* Columbia, *for respondent.*

Heard Jan. 9, 1996.

Filed Mar. 25, 1996.

SHAW, Justice:

In this probate matter, George Richard Greenwood, a residuary devisee, appeals the circuit court's order affirming the decision of the probate court which found that there was no residue in the Estate of Margarget C. York and that the unpaid pecuniary bequests should be paid from the income earned during the administration of the estate. We affirm.

On January 23, 1988, Margaret C. York executed a Trust Agreement, naming NCNB of South Carolina (now Nations-Bank) as the trustee. The trust was funded with the sum of one dollar. No other assets were ever placed in the trust. In pertinent part, the Trust Agreement provided:

### Article V

(1) If my son, GEORGE RICHARD GREENWOOD, (hereinafter referred to as the named beneficiary) shall survive the Settlor, then commencing with the date of the Settlor's death, the Trustee shall pay to or apply for the benefit of the named beneficiary during such named beneficiary's lifetime all the net income from Trust B in convenient installments but no less frequently than quarter-annually.

On January 23, 1988, York executed her will. The pertinent provisions of the will are as follows:

### ITEM 1

I direct that all estate, inheritance, succession, death or similar taxes (except generation-skipping taxes) assessed with respect to my estate herein disposed of, or any part thereof, or on any bequest or devise contained in this my Last Will (which term wherever used herein shall include any Codicil hereto), or on any insurance upon my life or on any property held jointly by me with another or on any transfer made by me during my lifetime or on any other property or interests in property included in my estate for such tax purposes be paid out of my residuary estate and shall not be charged to or against any recipient, beneficiary, transferee or owner of any such property or interests improperly included in my estate for such tax purposes.

### ITEM XI

I give, devise and bequeath all the rest, residue and remainder of my property of every kind and description (including lapsed legacies and devises), wherever situate and whether acquired before or after the execution of this Will, to NCNB SOUTH CAROLINA as Trustee under that certain Trust Agreement between myself as Settlor and NCNB SOUTH CAROLINA as Trustee executed

prior to the execution of this Will on January 23, 1988. The Trustee shall add the property bequeathed and devised by this Item to the corpus of the above described Trust and shall hold, administer and distribute said property in accordance with the provisions of the said Trust Agreement, including any amendments thereto made before my death.

### ITEM XVII

By way of illustration and not of limitation and in addition to any inherent, implied or statutory powers granted to executors generally, my Executor is specifically authorized and empowered with respect to any property, real or personal, at any time held under any provision of this my Will; to allot, allocate between principal and income, assign, borrow, buy, care for, collect, compromise claims, contract with respect to, continue any business of mine, convey, convert, deal with, dispose of, enter into, exchange, hold, improve, incorporate any business of mine, invest, lease, manage, mortgage, grant and exercise options with respect to, take possession of, pledge, receive, release, repair, sell, sue for, to make distributions or divisions in cash or in kind or partly in each without regard to the income tax basis of such asset and in general, to exercise all of the powers in the management of my Estate which any individual could exercise in the management of similar property owned in its own right, upon such terms and conditions as to my Executor may seem best, and to execute and deliver any and all instruments and to do all acts which my Executor may deem proper or necessary to carry out the purposes of this my Will, without being limited in any way by the specific grants of power made, and without the necessity of a court order.

On January 26, 1988, York executed a codicil. The will and the codicil provided for the following bequests and devises:

| | |
|---|---|
| Elizabeth Jones f/k/a/ Elizabeth Marie Ringer | $100,000 |
| Carl Edward Jones | $250,000 |
| Margaret Theresa Jones | $200,000 |
| George Randolph Greenwood | $ 50,000 |

| | |
|---|---|
| Betty Marie Greenwood | $ 50,000 |
| George Richard Greenwood | $100,000 |
| Carl Edward Jones | 4117 Mikell Lane, Columbia, SC |
| | 56-acre farm off Sumter Highway |
| Pearl Sanders | Lake Murray lot |
| Carl Edward Jones | personal and household effects |

On April 6, 1989, Margaret C. York died. On that same day, NationsBank, named as the executor, filed for appointment as personal representative of the Estate of Margaret C. York, and was appointed on April 21, 1989. NationsBank distributed the specific devises of real and personal property, and made a pro-rata partial distribution of the general devises of cash. The personal representative made distributions in cash as follows:

| | |
|---|---|
| On 12/4/89 one third of bequest | $249,999.97 |
| On 6/7/90 | $ 50,000.03 |
| On 12/14/91 | $ 9,101.07 |
| On 2/11/92 | $249,925.00 |
| Total paid as of 2/11/92 | $559,026.07 |
| Balance due six heirs on 2/11/92 | $190,973.93 |

After the personal representative paid the debts, expenses, and taxes of the estate and distributed the specific devises, there were insufficient principal assets remaining to pay in full all the general devises. As a result, the trust was not funded. After the date of decedent's death, the estate earned income during the period of administration. NationsBank did not distribute any of the income.

On August 17, 1992, NationsBank sought a declaratory judgment deciding the rights, duties and legal relations of NationsBank and the heirs with regard to the disposition of the income earned during the administration of the estate.

George Richard Greenwood answered and counterclaimed alleging that he, as the residuary devisee, was entitled to the income earned during the administration of the estate and the earned income was not to be applied to the remaining balance of the cash bequests.

The probate court held that each heir was entitled to receive his or her unpaid principal balance due plus a pro-rata division of earned income. The court found that the trustee was correct in not funding the trust for the reason that no funds existed. The court concluded that the estate had no residue other than the Lake Murray property which was subject to pending litigation.

George Richard Greenwood appealed the probate court's order to the circuit court. Greenwood alleged that the probate court erred as follows:

1) in determining that there were no rest and residue assets;

2) in determining that S.C. Code Ann. § 62-7-408, as in effect at the date of death, directed that post-death income, earned on estate assets not distributable to specific legatees and devisee, was payable to legatees of general pecuniary bequests not in trust;

3) in determining that general pecuniary devises in the estate were entitled to interest, beginning one year after appointment of the personal representative until payment of the devise, when the statute so providing was repealed, effective June 5, 1990; and

4) in assessing interest in favor of general pecuniary devisee after June 5, 1990.

The circuit court affirmed the decision of the probate court. With respect to each alleged error, the circuit court held the following:

1) there was no error in ruling that there were no assets in the Residue;

2) S.C. Code Ann. § 62-7-408 was inapplicable to the case;

3) the probate court erred in awarding interest but it constituted harmless error because the beneficiaries were entitled to the earned income on the unpaid principal due the beneficiaries; and

4) there was no error in awarding interest to the general devisee because they were entitled to the earned income on the undistributed amount and the amount of earned income was less than or equal to the earned interest.

Greenwood appeals.

## STANDARD OF REVIEW

The determination of the standard of review by an appellate court of matters originating in the probate court is controlled by whether the cause of action is at law or in equity. *Dean v. Kilgore*, 313 S.C. 257, 437 S.E. (2d) 154 (Ct. App. 1993). To make this determination, the appellate court must look to the essential character of the cause of action alleged by the petitioners in the court below. *Id.* 437 S.E. (2d) at 155. NationsBank seeks a declaratory judgment to decide whether the income earned during the administration of the estate should be applied to the unpaid bequests or be placed in the trust for the residuary devisee as provided by the will. This case involves the construction of a will which is an action at law. *Epting v. Mayer*, 283 S.C. 517, 323 S.E. (2d) 797 (Ct. App. 1984). If the essential nature of the cause of action is legal, the action to be taken by the circuit court is controlled by its determination of whether or not there is any evidence to support the factual findings of the court below. *Kilgore, supra.* In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings. *Townes Assoc., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976). The rule is the same whether the judge's findings are made with or without a reference. *Id.* Accordingly, our standard of review in the present case is whether there is any evidence which reasonably supports the circuit court's findings.

### I.

Greenwood asserts that the circuit court erred when it affirmed the probate court's determination that there were no residuary assets in the Estate of Margaret C. York. We find no error.

In affirming the probate court's decision that there were no assets in the residue, the circuit court concluded from the accounting that it was a negative estate.[1] The circuit court held that "[a]ny earnings, capital gains, or interest earned after death cannot be 'back-ended' into an estate so as to create a

---

[1] In its order, the circuit court stated that the record reflected on the date of death the accounting was as follows:

residue where none exists." Furthermore, the court, citing 96 C.J.S. *Wills* § 800 (1987), found that "[t]he existence or the amount of the residue of testator's estate is to be determined as of testator's death after the satisfaction of all charges, legacies, and devices (sic)."

Greenwood asserts that the circuit court's holdings are in error for two reasons. First, Greenwood argues that the quoted language from 96 C.J.S. *Wills* § 800 is in error because it is a quotation from the headnote and not the text of the section. Greenwood argues that the text of this section provides that the amount of a residuary estate is determined, not at the testator's death, but instead, at the final settlement of the estate. Secondly, Greenwood argues that the circuit court's holding that "[a]ny earnings, capital gains, or interest earned after death cannot be 'back-ended' into an estate so as to create a residue where none exists" is based on an incorrect assumption. Greenwood contends that the court incorrectly assumed that if on the date of death, there were insufficient assets to pay a residuary devise, then the residuary devisee's interest in the estate was eliminated at that time. Furthermore, Greenwood argues that it is manifest that a gift of a residue to a residuary devisee is a gift of a benefit that cannot be determined at death.

96 C.J.S. *Wills* § 800 at 229 states in part:

> In the absence of controlling words to the contrary, the residue distributable under the residuary clause must be determined as of the date of the death of the testator in the light of the knowledge relating to the estate which is acquired by his executors subsequent to his death; and where the gift of the residue is after the payment of debts and similar charges and nondeferred legacies, the residue is to be formed subject to such payments even though actually made at a later time. The actual determination of the amount of the residue is made in the course of admin-

| | |
|---|---|
| Gross Estate of Margaret C. York | $1,444,663.73 |
| Less: | |
| Death Taxes | 381,320.00 |
| Specific Gifts | 963,000.00 |
| Annuities | 66,590.00 |
| Jt. Account | 103,932.21 |
| Residue: (Negative Balance) | ($ 70,178.46) |

istration, or on the settlement of the estate, hence, where, by provisions of the will, the amount of a legacy is to be determined by the amounts of the shares into which the residue of the estate is to be divided, in the absence of anything leading to a different conclusion, it is considered that the testator intended that the residue at the time of settlement should constitute the basis of the calculation.

\* \* \* \* \*

[T]he fact that the residuary legatees may receive little or nothing has no bearing on the proper construction of the will. If the testator exhausts his estate in a legal manner, although he mentions another to take a residue, the latter gift fails in the face of the fact that no residue exists.

This section provides that a general residuary clause is taken into consideration at the date of death of the testator, but the determination of the amount of the residue is made during the course of administration. Debts and legacies having been provided for, the operation of a general residuary clause includes, in the absence of any contrary testatorial intention, all species of property owned by the testator at the time of his death and otherwise undisposed of by the will. 80 Am. Jur. (2d) *Wills* § 1539 at 599 (1975).

Our Supreme Court has held, generally, unless otherwise directed by will, the residuary estate must first be applied to the payment of debts. *Gaither v. United States Trust Company of New York*, 230 S.C. 568, 97 S.E. (2d) 24 (1957). Furthermore, "unless a contrary intention is apparent, the general residuary clause is to be construed as including all of the estate not otherwise effectually disposed of." *Watson v. Wall*, 229 S.C. 500, 93 S.E. (2d) 918 (1956).

The testimony of the personal representative before the probate court supports the circuit court's finding that there was no residue in the Estate of Margaret C. York. The personal representative testified that there was a total gross estate of $1,512,104.13, which was subject to federal estate taxes in the amount of $278,346.93 and state taxes in the amount of $102,973.10. At the time of the hearing, the personal representative testified that the estate had $160,471.27 in income cash and $95,390.66 in principal cash. Furthermore, the personal representative testified that if all

of the post-death income earned had been placed in the residue, following the terms of the will to pay the death taxes out of the residue, there would not have been a residue. The cash bequests were not fully paid because of insufficient principal assets. Accordingly, we find ample evidence to support the circuit court's conclusion that there was no residue in the Estate of Margaret C. York.

## II.

Greenwood asserts that the circuit court erred when it affirmed the probate court's conclusion that S.C. Code Ann. § 62-7-408 (1987) did not prohibit post-death income from being paid to the legatees of general pecuniary bequests not in trust, i.e. the unpaid cash bequests. We find no error.

Greenwood argues that since the decedent's will was silent regarding the distribution of income earned on estate assets after death, S.C. Code Ann. § 62-7-408 governed the disposition of the post-death income. At the time of Margaret C. York's death, this code section provided for the determination and distribution of income after the testator's death.[2] Greenwood asserts that S.C. Code Ann. § 62-7-408 provides that specific devisees receive the income

---

[2] S.C. Code Ann. § 62-7-408 provides in full:

Unless the will otherwise provides, income from the assets of a decedent's estate after the death of the testator and before distribution, including income from property used to discharge liabilities, shall be determined in accordance with the rules applicable to a trustee under this part [§§ 62-7-401 et seq.] and distributed as follows:
(1) to specific legatees and devisees, the income from the property bequeathed or devised to them respectively, less taxes, ordinary repairs, and other expenses of management and operation of property, and an appropriate portion of interest accrued since the death of the testator and of taxes imposed on income (excluding taxes on capital gains) which accrue during the period of administration;
(2) to all other legatees and devisees, except legatees of pecuniary bequests not in trust, the balance of the income, less the balance of taxes, ordinary repairs, and other expenses of management and operation of all property from which the State is entitled to income, interest accrued since the death of the testator, and taxes imposed on income (excluding taxes on capital gains) which accrue during the period of administration, in proportion to their respective interests in the undistributed assets of the estate computed at times of distribution on the basis of inventory value. (Emphasis added.)
Income received by a trustee under this section shall be treated as income of the trust.

generated by the specific property devised and general devisees are entitled to all other income, except that if the general devise is also a pecuniary devise not in trust, such a pecuniary general devisee does not receive any income during the first year of administration of the estate. Greenwood contends that a residue is a nonpecuniary general devise. Furthermore, Greenwood argues that the only unfunded devises at the time post-death income was earned were the general pecuniary devises and a residuary devise. Therefore, based on the provisions of § 62-7-408, particularly subsection (2), the only devisee eligible to receive the income was the nonpecuniary, general devisee, or more specifically, the residuary devisee.

The circuit court held S.C. Code Ann. § 62-7-408 was inapplicable to this case in that the statute was silent where a negative estate occurs. The circuit court found that the mandate of the will gave the personal representative the authority to allocate property between income and principal. Therefore, since the accounting showed that the beneficiaries were short some $70,000 in their gift, the personal representative should and could allocate the $60,000 of income as principal so as to fulfill the mandate of the will.[3]

We agree with the circuit court's conclusion. Although ■ Margaret C. York's will is silent as to the disposition of post-death income it clearly specified all other distributions. The cardinal rule of will construction, as well as our primary inquiry, is the determination of the testator's intent. *In the Matter of Clark v. Evans*, 308 S.C. 328, 417 S.E. (2d) 856 (1992). Intent must be gathered from the instrument as a whole, giving consideration to the words the testator used, and reading them in the light of established principles of law.

---

[3] In its order, the circuit court did not provide the calculation for the amount of $60,000 in income. At the hearing before the probate court, Greenwood's counsel questioned the personal representative about the amount of income earned during the administration of the estate. The record revealed the following calculation:

| | |
|---|---|
| Income cash and principal cash | $ 255,861.00 |
| Less: Unpaid General Pecuniary Devisees | $ 190,891.00 |
| Balance of the estate | $ 64,891.00 |

The balance of the estate was subject to miscellaneous administrative costs, estate administrative costs, and any additional expenses necessary to close out the estate.

*King v. South Carolina Tax Commission,* 253 S.C. 646, 173 S.E. (2d) 92 (1970).

In this case, it is clear that testator wanted each beneficiary to receive his share in full. Item I of the will provides in part that the death taxes shall be "paid out of my residuary estate and shall not be charged to or against any recipient, beneficiary, transferee or owner of any such property or interests in property included in my estate for such tax purposes." Clearly, the residuary beneficiary was intended to be secondary to the distributions in the will. After payment of the debts and taxes, there were insufficient assets to pay the cash bequests in full. By first paying off the taxes, expenses and debts, the cash bequests were only partially distributed. Item XVII of the will empowered the Executor to do all acts which he "may deem proper or necessary to carry out the purposes of [the] Will, without being limited in any way by the specific grants of power made. . . ." Included in this provision of the will was the authorization for the Executor to allocate between principal and income. Therefore, any income earned during the administration of the estate should have been used to pay off the unpaid balance of the cash bequests.

### III.

Finally, Greenwood challenges the application of S.C. Code Ann. § 62-3-904 (1987) to this case, which provides in full:

General pecuniary devises bear interest at the legal rate beginning one year after the first appointment of a personal representative until payment, unless a contrary intent is indicated by the will.

This statute was repealed effective June 5, 1990. On April 6, 1989, Margaret C. York died. NationsBank was subsequently appointed as personal representative of the estate on April 29, 1989. Therefore, interest would have accrued for the benefit of the general pecuniary devises from April 29, 1990.

The probate court applied this statute and held that the heirs were entitled to receive their shares of unpaid principal plus a pro rata division of the earned income, prior to *and* subsequent to June 5, 1990.

In affirming the probate court, the circuit court concluded

that the application of S.C. Code Ann. § 62-3-904 was in error, but it constituted harmless error. The circuit court found that although the probate court erred in awarding interest, the beneficiaries were entitled to the income earned on their undistributed share. The record contained a calculation of income cash, but not the amount of earned interest. Based on this record, the circuit court assumed that the interest awarded by the probate court was an amount equal to or less than the income earned on the undistributed principal which was due the beneficiaries.

Greenwood argues that the general pecuniary devises were not entitled to interest because the repeal of the statute operated retrospectively. We find no error. As previously stated, S.C. Code Ann. § 62-3-904 was repealed effective June 5, 1990. Effective the same day, S.C. Code Ann. § 62-7-408 (Supp. 1994) was amended to provide in part, that income from assets of the estate be distributed as follows:

> (2)(ii) beginning one year after the first appointment of a personal representative, to all other legatees and devisees, the balance of the income less the balance of taxes, ordinary repairs, and other expenses of management and operation of all property from which the State is entitled to income, interest accrued since the death of the testator, and taxes imposed on income (excluding taxes on capital gains) which accrue during the period of administration, in proportion to their respective interests in the undistributed assets of the estate computed at times of distribution on the basis of inventory value. Income received by a trustee under this section shall be treated as income of the trust.

This amendment may be viewed as a replacement provision for S.C. Code Ann. § 62-3-904. Pursuant to S.C. Code Ann. § 62-7-408(2)(ii), the unpaid beneficiaries were entitled to the income or interest earned on their undistributed share.

Accordingly, the order of the circuit court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.